**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

PRISCILLA DAYDEE VALDEZ, aka
Priscilla D. Valdez,
*Defendant-Appellant.*

No. 17-10446

D.C. No.
4:16-cr-01667-
RCC-DTF-2

OPINION

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted November 14, 2018
San Francisco, California

Filed December 21, 2018

Before: Susan P. Graber and Mark J. Bennett, Circuit
Judges, and Leslie E. Kobayashi,* District Judge.

Opinion by Judge Graber

---

* The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

## SUMMARY[**]

### Criminal Forfeiture

The panel affirmed the district court's order of forfeiture of $1,235 in the form of a money judgment against a defendant who pleaded guilty to attempted smuggling of ammunition from the United States into Mexico.

The panel held that the government properly sought criminal forfeiture because 18 U.S.C. § 924(d) authorizes civil forfeiture of property, and 28 U.S.C. § 2461(c) permits the government to seek criminal forfeiture whenever civil forfeiture is available and the defendant pleads guilty to the offense giving rise to the forfeiture.

The panel held that § 2461(c) authorizes the forfeiture of substitute property because 21 U.S.C. § 853(p), the substitute-property provision in the statute that authorizes forfeiture in connection with certain federal drug offenses, is one of the 21 U.S.C. § 853 "procedures" incorporated by reference in § 2461(c).

The panel held that the district court properly ordered the defendant to forfeit substitute property pursuant to § 853(p) because the defendant's acts and omissions caused the ammunition to be transferred to a third party.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

M. Edith Cunningham (argued), Assistant Federal Public Defender; Jon M. Sands, Federal Public Defender; Office of the Federal Public Defender, Tucson, Arizona; for Defendant-Appellant.

Robert Lally Miskell (argued), Chief, Appellate Section; Elizabeth A. Strange, First Assistant United States Attorney; United States Attorney's Office, Tucson, Arizona; for Plaintiff-Appellee.

**OPINION**

GRABER, Circuit Judge:

Defendant Priscilla Daydee Valdez pleaded guilty to attempted smuggling of ammunition from the United States into Mexico. The ammunition is subject to forfeiture under 18 U.S.C. § 924(d) but, because Defendant had caused the ammunition to be transferred to a third party, the government instead sought forfeiture of substitute property under 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c). The district court agreed that the criminal laws authorize forfeiture of substitute property in these circumstances, and the court ordered Defendant and a co-defendant each to pay a personal money judgment for half the value of the ammunition. Defendant timely appeals. Reviewing de novo the interpretation of the federal forfeiture statutes, *United States v. 25445 via Dona Christa*, 138 F.3d 403, 407 (9th Cir. 1998), *amended by* 170 F.3d 1161 (9th Cir. 1999), we conclude that the district court properly ordered forfeiture of substitute property. Accordingly, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Defendant pleaded guilty, without a plea agreement, to one count of knowingly attempting to export 10,000 rounds of ammunition, in violation of 18 U.S.C. § 554(a).  She stipulated to the following facts:

> Prior to March 3, 2016, an acquaintance asked Priscilla Valdez if she was willing to purchase ammunition and drive it to Nogales, Arizona.  Ms. Valdez did not agree to commit the offense, but gave this acquaintance's contact information to an individual she knew—Anhelika Ruiz.

> Shortly before March 3, 2016, Ms. Ruiz asked Ms. Valdez to help and accompany her regarding the ammunition purchase.  Ms. Valdez agreed.  Prior to the offense, Ms. Valdez picked up a quantity of cash from the acquaintance, for the ammunition purchase.

> On or about March 3, 2016, Ms. Valdez and Ms. Ruiz met in Tucson.  Ms. Valdez gave Ms. Ruiz the money she had been given.  Ms. Ruiz rented a car, in her own name.

> They then drove to a gun store in Phoenix, Arizona.  Ms. Ruiz purchased 10,000 rounds of 7.62 x 39mm ammunition at the gun store, using the money that Ms. Valdez had provided her.  The ammunition was loaded into the rented car.  Ms. Ruiz and Ms. Valdez then drove south, to Nogales, Arizona.

They received instructions to drive the car, with ammunition inside, to a specific business in Nogales, Arizona. They were instructed to give the keys of the rented car to a person who worked at the front desk of the business.

Later, Ms. Valdez and Ms. Ruiz were informed when they could pick up the car. When they picked up the car, the ammunition had been unloaded by unknown individuals.

Ms. Valdez was aware that her acquaintance and the individuals that picked up the ammunition intended to try to move it from the U.S. to Mexico. Ms. Valdez, by assisting in the commission of the offense, knowingly attempted to export ammunition. Ms. Valdez does not have a license to export ammunition.

The district court accepted the factual stipulation and found Defendant guilty. The government was unsuccessful in its efforts to recover the ammunition.

The indictment included a forfeiture allegation, seeking forfeiture of the ammunition or, if the requirements of 21 U.S.C. § 853(p) were met, substitute property in lieu of the ammunition. After the court accepted Defendant's guilty plea, the government submitted a receipt for the ammunition from the gun store, showing that the ammunition cost $2,470. The government sought a money judgment against Defendant for half the cost of the ammunition. The district court rejected Defendant's objections and entered a final order of forfeiture against Defendant for $1,235, in the form of a

money judgment.[1]   The court sentenced Defendant to five years of probation.  Defendant timely appeals, challenging only the forfeiture order.

## DISCUSSION

This case involves the interaction of three disparate statutory provisions.  Title 18 U.S.C. § 924(d)(1) authorizes the civil forfeiture of firearms and ammunition.   Title 28 U.S.C. § 2461(c) permits the use of the criminal forfeiture procedures of 21 U.S.C. § 853 whenever civil forfeiture is available and a defendant is found guilty of a crime.  Finally, 21 U.S.C. § 853(p) allows the forfeiture of substitute property in certain situations, among them the situation in which the defendant's own actions made the forfeitable property unavailable.  Below, we conclude that (A) the government properly sought criminal forfeiture; (B) 28 U.S.C. § 2461(c) authorizes the forfeiture of substitute property; and (C) the district court properly ordered forfeiture of substitute property.

A.  *The government properly sought criminal forfeiture.*

We begin with the civil forfeiture provision found in 18 U.S.C. § 924(d)(1): "Any firearm or ammunition involved in or used in [certain specified crimes] or any violation of any other criminal law of the United States . . . shall be subject to seizure and forfeiture . . . ."  Defendant does not contest that the ammunition was "involved in" her crime, nor does she contest that the ammunition itself would have been subject to civil forfeiture.

---

[1] The district court separately ordered co-defendant Ruiz to forfeit the same amount.  Ruiz did not appeal.

But the government did not bring a civil forfeiture action. Instead, invoking 28 U.S.C. § 2461(c), the government sought criminal forfeiture of the ammunition or, in the alternative, forfeiture of substitute property. Section 2461(c) "permits the government to seek *criminal* forfeiture whenever civil forfeiture is available and the defendant is found guilty of the offense." *United States v. Newman*, 659 F.3d 1235, 1239 (9th Cir. 2011) (some emphasis omitted). That statute provides:

> If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure. If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to to [sic] the Federal Rules of Criminal Procedure and section 3554 of title 18, United States Code. The procedures in section 413 of the Controlled Substances Act (21 U.S.C. 853) apply to all stages of a criminal forfeiture proceeding, except that subsection (d) of such section applies only in cases in which the defendant is convicted of a violation of such Act.

28 U.S.C. § 2461(c).

Section 2461(c) authorizes criminal forfeiture here because Defendant pleaded guilty to a federal crime and civil forfeiture was available. In the words of the statute, Defendant was "charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized," and Defendant was "convicted of the offense giving rise to the forfeiture." *Id.* We reject Defendant's contention that § 2461(c) does not apply to civil forfeitures under § 924(d) because § 924(d) does not use the word "property." Section 924(d) indisputably authorizes civil forfeiture of firearms and ammunition, which simply are specific types of property. Section 924(d) authorizes the civil forfeiture of property, and Defendant pleaded guilty. In these circumstances, § 2461(c) allows the government to invoke criminal forfeiture.

B.  *Section 2461(c) authorizes the forfeiture of substitute property*.

"The procedures in section 413 of the Controlled Substances Act (21 U.S.C. 853) apply to all stages of a criminal forfeiture proceeding, except that subsection (d) of such section applies only in cases in which the defendant is convicted of a violation of such Act." 28 U.S.C. § 2461(c). We therefore examine, in some detail, the provisions of 21 U.S.C. § 853.

By its terms—both substantive and procedural—§ 853 authorizes the forfeiture of specified categories of property for persons convicted of certain federal *drug* crimes. Subsection 853(a) describes the categories of "[p]roperty subject to criminal forfeiture"; § 853(b) defines the term "property"; and the remaining subsections generally describe applicable procedures for the forfeiture of the property

described in subsection (a). *See, e.g.*, *id.* § 853(c) ("Third party transfers"); § 853(e) ("Protective orders"); § 853(m) ("Depositions").

Relevant here, § 853(p) provides a procedure for the forfeiture of substitute property in certain circumstances:

> Forfeiture of substitute property
>
> (1) In general
>
> > Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant–
> >
> > (A) cannot be located upon the exercise of due diligence;
> >
> > (B) has been transferred or sold to, or deposited with, a third party;
> >
> > (C) has been placed beyond the jurisdiction of the court;
> >
> > (D) has been substantially diminished in value; or
> >
> > (E) has been commingled with other property which cannot be divided without difficulty.
>
> (2) Substitute property

In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1), as applicable.

(3) Return of property to jurisdiction

In the case of property described in paragraph (1)(C), the court may, in addition to any other action authorized by this subsection, order the defendant to return the property to the jurisdiction of the court so that the property may be seized and forfeited.

21 U.S.C. § 853(p). When a defendant is convicted of one of the drug crimes listed in § 853(a), the operation of § 853 is straightforward: Subsection 853(a) authorizes the forfeiture of specified property; or, if the forfeitable property is unavailable or diminished in value due to the defendant's actions, then § 853(p) authorizes the forfeiture of substitute property. *See generally Honeycutt v. United States*, 137 S. Ct. 1626, 1633–35 (2017) (describing the operation of § 853 in drug cases).

We conclude that § 853(p) is one of the "procedures" incorporated by reference in § 2461(c). Section 853(p) describes a process for ordering the forfeiture of substitute property whenever the property is unavailable or diminished in value due to the defendant's own acts or omissions. Indeed, all courts to have described § 853(p)—including the

Supreme Court and this court—have referred to it as a "procedure." *See Honeycutt*, 137 S. Ct. at 1634 ("Congress provided just one way for the Government to recoup substitute property when the tainted property itself is unavailable—the *procedures* outlined in § 853(p)." (emphasis added)); *United States v. Lo*, 839 F.3d 777, 790 (9th Cir. 2016) ("Section 2461[c] also references 21 U.S.C. § 853, and states that the procedures in that statute 'apply to all stages of a criminal forfeiture proceeding' except for an exception that is inapplicable here. Section 853(p) provides a *procedure* for the forfeiture of substitute property . . . ." (emphasis added)). Other circuits have held squarely that § 853(p) is a "procedure" for purposes of § 2461(c). *See United States v. Gregoire*, 638 F.3d 962, 971 (8th Cir. 2011) ("With an exception not relevant here, the procedures set forth in 21 U.S.C. § 853 'apply to all stages of a criminal forfeiture proceeding.' 28 U.S.C. § 2461(c). Therefore, forfeiture of 'substitute property' is authorized in the circumstances described in 21 U.S.C. § 853(p)."); *United States v. Alamoudi*, 452 F.3d 310, 313–14 (4th Cir. 2006) ("[Section] 2461(c) instructs the court to follow the procedures set forth in [21 U.S.C. § 853]. Pursuant to § 853(p), a court 'shall order the forfeiture of any other property of the defendant' if it finds that [the requirements of § 853(p)(1) are met]." (emphases omitted)); *see also United States v. Parrett*, 530 F.3d 422, 429–31, 429 n.4 (6th Cir. 2008) (similarly appearing to apply § 853(p) through operation of § 2461(c)).

We acknowledge that § 2461(c) authorizes the court to order forfeiture of "the property." But by incorporating *all* of the procedures of § 853 except § 853(d), Congress intended to permit forfeiture of substitute property under § 853(p) whenever the defendant's own acts or omissions caused "the property" to be unavailable or diminished in value. That is,

when the defendant's own actions thwart the ability of the court meaningfully to order forfeiture of "the property," § 853(p) authorizes the forfeiture of substitute property. Had Congress intended to restrict § 2461(c)'s scope to forfeiture of "the property" only, and to preclude forfeiture of substitute property, it could have excepted § 853(p) in addition to § 853(d). *See United States v. Johnson*, 529 U.S. 53, 58 (2000) ("When Congress provides exceptions in a statute . . . [t]he proper inference . . . is that Congress considered the issue of exceptions and, in the end, limited the statute to the ones set forth."); *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 885 (9th Cir. 2005) (en banc) ("The doctrine of *expressio unius est exclusio alterius* as applied to statutory interpretation creates a presumption that when a statute designates certain persons, things, or manners of operation, all omissions should be understood as exclusions." (internal quotation marks omitted)).

Similarly, it is irrelevant to our analysis that a different forfeiture statute, 18 U.S.C. § 982(b)(1), provides that, for certain crimes, the criminal forfeiture "shall be governed by the *provisions* of" 21 U.S.C. § 853, rather than by the *procedures* of § 853. (Emphasis added.) Whatever distinction might exist between "provisions" of § 853 and "procedures" of § 853 in these two disparate statutes, that distinction is immaterial here because § 853(p) is a procedure within § 853. We join our sister circuits in holding that 28 U.S.C. § 2461(c) incorporates the substitute property provision in 21 U.S.C. § 853(p).

C. *The district court properly ordered forfeiture of substitute property.*

Section 853(p) authorizes forfeiture of substitute property when, "as a result of any act or omission of the defendant," *id.* § 853(p)(1), the forfeitable property "has been transferred . . . to . . . a third party," *id.* § 853(p)(1)(B). Here, Defendant received money from her acquaintance, gave it to Ruiz for the purpose of purchasing ammunition, and accompanied Ruiz on her journey. Defendant and Ruiz then left the ammunition in the car and provided the car keys to a third party, knowing that someone would remove the ammunition from the car and attempt to transport it into Mexico. Those acts and omissions clearly caused the ammunition to be transferred to a third party. *Id.* Accordingly, the district court properly ordered Defendant to forfeit substitute property.

Defendant objects to that analysis on the ground that it omits a critical portion of the text of § 853(p)(1). In particular, Defendant quotes the following passage from § 853(p)(1):

> Paragraph (2) of this subsection [which authorizes the forfeiture of substitute property] shall apply, *if any property described in subsection (a)*, as a result of any act or omission of the defendant . . . (B) has been transferred or sold to, or deposited with, a third party[.]

(Emphasis added.) Defendant asserts that the ammunition here does not meet the definition of forfeitable property in § 853(a) and that, accordingly, the requirements of § 853(p)(1) are not met.

Defendant misunderstands how the three relevant statutes work together. Section 924(d) describes the forfeitable property, and § 2461(c) authorizes the use of the procedures of § 853 *with respect to the forfeitable property*. In a case governed by § 2461(c), Congress intended courts to apply § 853(p) and the other procedures of § 853 to the forfeitable property as defined elsewhere. Subsection 853(a) is plainly a substantive, not procedural, provision of § 853, because it describes the forfeitable property for certain drug crimes. As a substantive provision, it is not incorporated by § 2461(c). Accordingly, in a case governed by § 2461(c), courts must read the references in § 853's procedural provisions to "property described in subsection (a)" as referring to the forfeitable property as defined elsewhere. *See United States v. Bermudez*, 413 F.3d 304, 305–06 (2d Cir. 2005) (per curiam) (holding that § 853(p) applies with respect to forfeitable property as defined in § 982(a)(1) rather than § 853(a)).

We reject Defendant's argument that our interpretation is inequitable. In the course of her crime, Defendant caused ammunition to be transferred to a third party. Congress has determined that, in this circumstance, the government may seek the forfeiture of substitute property. Defendant complains that, had she been arrested *before* she caused the ammunition to be transferred, the government would have recovered the ammunition and would have had no ability to seek forfeiture of substitute property. She contends that Congress could not have intended this unfair result, which treats intermediary smugglers differently depending on when they are arrested. We see no inequity in treating persons differently depending on whether they cause contraband to remain in the hands of criminals. For those who cause that

additional harm, Congress permissibly has concluded that they must forfeit substitute property.

**AFFIRMED.**