**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JESSICA BRIDGET SOTO,
*Defendant-Appellant.*

No. 18-10070

D.C. No.
4:16-cr-00478-
JGZ-LAB-19

OPINION

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted December 17, 2018[*]
San Francisco, California

Filed February 8, 2019

Before: Ronald Lee Gilman,[**] Richard A. Paez,
and John B. Owens, Circuit Judges.

Opinion by Judge Gilman

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

## SUMMARY***

### Criminal Law

The panel affirmed the district court's forfeiture order in a case in which the defendant pleaded guilty to one count of attempting to export ammunition from the United States, in violation of 18 U.S.C. § 554, and one count of conspiracy to export firearms and ammunition, in violation of 18 U.S.C. § 371.

The panel rejected the defendant's argument that forfeiture is unavailable in this case because §§ 371 and 554(a) are not expressly mentioned in the federal forfeiture statute. The panel held that the district court did not err in ordering forfeiture because 18 U.S.C. § 924(d)(1) authorizes forfeiture of firearms and ammunition involved in a federal crime.

The panel held that, under 21 U.S.C. § 853(p), the district court did not err in ordering the forfeiture of substitute property up to the value of ammunition that the defendant had transferred to a coconspirator.

The panel held that because the defendant did not challenge the adequacy of the notice of forfeiture in the indictment before the district court or in her opening brief, the challenge (first raised in her reply brief) is not reviewable. The panel wrote that even if the adequacy of the

---

*** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

notice were reviewable, the district court did not commit plain error regarding the adequacy of the notice.

## COUNSEL

A. Bates Butler III, Tucson, Arizona, for Defendant-Appellant.

Robert L. Miskell, Chief, Appellate Section; Elizabeth A. Strange, First Assistant United States Attorney; United States Attorney's Office, Tucson, Arizona; for Plaintiff-Appellee.

## OPINION

GILMAN, Circuit Judge:

Jessica Bridget Soto, along with 20 other defendants, was indicted for crimes relating to a conspiracy to illegally export firearms and ammunition from the United States to Mexico. She pleaded guilty to one count of attempting to export ammunition from the United States and to one count of conspiracy to export firearms and ammunition. Soto argues that the district court's forfeiture order was improper because the crimes for which she was convicted do not authorize forfeiture. She also contends that the notice of forfeiture in the indictment was inadequate because it cited an inapplicable statutory provision. For the reasons set forth below, we **AFFIRM** the district court's forfeiture order.

## I.  BACKGROUND

### A.  Factual background

A joint investigation by the Bureau of Alcohol, Tobacco, Firearms and Explosives and Homeland Security Investigations uncovered a conspiracy in which the participants purchased firearms and ammunition in the United States and illegally smuggled those items into Mexico.  The investigation determined that the conspiracy involved at least 70 firearms and approximately 74,880 rounds of ammunition.

Soto purchased and transported ammunition on at least two occasions.  In December 2015, she purchased 28,500 rounds of ammunition in Phoenix, Arizona.  She then transported the ammunition to the United States-Mexico border and provided it to a coconspirator.  In January 2016, she purchased 26,000 more rounds of ammunition in Phoenix.  Agents arrested Soto while she was transporting this second purchase of ammunition south towards the border.

### B.  Procedural background

Soto was charged with two counts of attempting to export ammunition from the United States, in violation of 18 U.S.C. § 554, and one count of conspiracy to export firearms and ammunition, in violation of 18 U.S.C. § 371. The indictment charged that, upon conviction, the firearms and ammunition involved in the offenses would be forfeited. If the firearms and ammunition could not be located or had been transferred to a third party, the indictment charged that the government would seek forfeiture of other property worth no more than the value of the firearms and ammunition in question.

Soto pleaded guilty to one of the attempted-exportation counts and to the conspiracy count, with the government agreeing to dismiss the other attempted-exportation count. The district court then sentenced Soto to four years' probation and imposed a special assessment of $200. It also ordered the forfeiture of the firearms and ammunition that the government seized. Because Soto had previously transferred the 28,500 rounds of ammunition purchased in December 2015, with a value of $7,123, the court authorized the government to seize substitute property belonging to Soto worth up to that amount. Soto did not object to the forfeiture order at sentencing.

After Soto filed her notice of appeal, she filed a motion to correct what she claimed to be a clear error at sentencing under Rule 35(a) of the Federal Rules of Criminal Procedure. That error, according to Soto, is the absence of any statutory authority for forfeiture in this case. The district court denied Soto's Rule 35(a) motion.

## II.    ANALYSIS

### A.  Standard of review

This court usually reviews de novo a district court's interpretation of federal forfeiture law. *United States v. $493,850.00 in U.S. Currency*, 518 F.3d 1159, 1164 (9th Cir. 2008). But here, Soto did not object to the final order of forfeiture at sentencing. She instead first objected to the forfeiture order in a motion filed under Rule 35(a) of the Federal Rules of Criminal Procedure after she had already filed her notice of appeal. Nor did Soto appeal the district court's denial of her Rule 35(a) motion. That motion is therefore not part of this appeal. Accordingly, we review the district court's forfeiture order under the plain-error

standard.  *See United States v. Yijun Zhou*, 838 F.3d 1007, 1010 (9th Cir. 2016).

## B.  The district court did not err in ordering forfeiture because 18 U.S.C. § 924(d)(1) authorizes forfeiture of firearms and ammunition involved in a federal crime.

Soto argues that criminal forfeiture is available only if a federal forfeiture statute expressly references the criminal statute under which a defendant is convicted.  Because Soto was convicted of violating 18 U.S.C. §§ 371 and 554(a), and these statutes are not expressly mentioned in any federal forfeiture statute, she argues that forfeiture is unavailable in this case.

Soto's argument fails because she overlooks 18 U.S.C. § 924(d)(1), which provides that "[a]ny firearm or ammunition involved in or used in any . . . violation of any other criminal law of the United States . . . shall be subject to seizure and forfeiture . . . ."  Congress did not define the word "involved" in the statute, but the Supreme Court held in *Smith v. United States*, 508 U.S. 223 (1993), that the term should be defined broadly:

> Examination of the offenses to which the "involved in" language applies reveals why Congress believed it necessary to include such an expansive term.  One of the listed offenses, violation of § 922(a)(6), is the making of a false statement material to the lawfulness of a gun's transfer.  Because making a material misstatement in order to acquire or sell a gun is not "use" of the gun even under the broadest definition of the word "use," Congress carefully expanded the statutory language.  As a result, a gun with

> respect to which a material misstatement is made is subject to forfeiture because, even though the gun is not "used" in the offense, it is "involved in" it.

*Id.* at 235.

The Third Circuit in *United States v. Cheeseman*, 600 F.3d 270 (3d Cir. 2010), defined the plain meaning of the phrase "involved in" by quoting Merriam-Webster's dictionary as follows: "(1) 'to engage as a participant'; (2) 'to relate closely'; (3) 'to have within or as part of itself'; and (4) 'to require as a necessary accompaniment.'" *Id.* at 278 (quoting Merriam-Webster's Collegiate Dictionary 660 (11th ed. 2003)). In that case, the defendant pleaded "guilty to violating 18 U.S.C. § 922(g)(3), which criminalizes possession of firearms and ammunition by an unlawful user or addict of a controlled substance." *Id.* at 272. The defendant argued on appeal that the district court's authorization of the forfeiture of firearms and ammunition pursuant to § 924(d)(1) violated that statute because the firearms and ammunition were not "involved in" the crime. *Id.*

The Third Circuit disagreed. It held that the firearms and ammunition were "involved in" the crime because "without the firearms, there would have been no crime." *Id.* at 278. Referring to Merriam-Webster's definition, the court held that the firearms were "related closely to and were a necessary accompaniment to the crime charged." *Id.* Similarly, in Soto's case, the firearms and ammunition were involved in the crimes of attempting to export ammunition and conspiracy to export firearms and ammunition because, without the firearms and ammunition, there would have been no crime.

The forfeiture order is also authorized by the following clause of 18 U.S.C. § 924(d)(1):   "[A]ny firearm or ammunition intended to be used in any offense referred to in paragraph (3) of this subsection, where such intent is demonstrated by clear and convincing evidence, shall be subject to seizure and forfeiture . . . ."   The offenses listed in paragraph (3) include "any offense which may be prosecuted in a court of the United States which involves the exportation of firearms or ammunition."   18 U.S.C. § 924(d)(3)(F). Soto's offenses of conviction involve the exportation of firearms and ammunition, so the district court's forfeiture order is also authorized by § 924(d)(1) and (d)(3)(F).

Section 924(d)(1) authorizes forfeiture "as a remedial civil sanction rather than a criminal punishment." *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 364 (1984).   But 28 U.S.C. § 2461(c) "permits the government to seek *criminal* forfeiture whenever civil forfeiture is available *and* the defendant is found guilty of the offense." *United States v. Pollard*, 850 F.3d 1038, 1041 (9th Cir. 2017) (emphasis in original) (quoting *United States v. Newman*, 659 F.3d 1235, 1239 (9th Cir. 2011)).   In other words, § 2461(c) "make[s] criminal forfeiture available in every case that the criminal forfeiture statute does not reach but for which civil forfeiture is legally authorized."   *Id.* (alteration in original) (quoting *Newman*, 659 F.3d at 1239). Civil forfeiture in Soto's case is authorized by § 924(d)(1), as discussed above, so criminal forfeiture is available pursuant to § 2461(c).

## C. The district court did not err in ordering the forfeiture of substitute property.

The forfeiture of substitute assets for the ammunition that Soto transferred to a coconspirator is authorized by 21 U.S.C. § 853(p).   Section 2461(c)—the statute that

authorizes criminal forfeiture whenever civil forfeiture is available—provides that the procedures in § 853, with the exception of § 853(d) (which is not applicable in this case), "apply to all stages of a criminal forfeiture proceeding." 28 U.S.C. § 2461(c). And § 853(p) provides as follows:

> (p) Forfeiture of substitute property
>
> (1) In general
>
> Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant—
>
>> (A) cannot be located upon the exercise of due diligence;
>>
>> (B) has been transferred or sold to, or deposited with, a third party;
>>
>> (C) has been placed beyond the jurisdiction of the court;
>>
>> (D) has been substantially diminished in value; or
>>
>> (E) has been commingled with other property which cannot be divided without difficulty.
>
> (2) Substitute property
>
> In any case described in any of subparagraphs (A) through (E) of

> paragraph (1), the court shall order the
> forfeiture of any other property of the
> defendant, up to the value of any property
> described in subparagraphs (A) through
> (E) of paragraph (1), as applicable.

21 U.S.C. § 853(p).

Section 853(p) is a procedural provision, so § 2461(c) makes it applicable here. *See Honeycutt v. United States*, 137 S. Ct. 1626, 1634 (2017) ("Congress provided just one way for the Government to recoup substitute property when the tainted property itself is unavailable—the procedures outlined in § 853(p)."); *United States v. Lo*, 839 F.3d 777, 790 (9th Cir. 2016) ("Section 853(p) provides a procedure for the forfeiture of substitute property . . . ."). The requirements of § 853(p) were met in this case because Soto had ammunition that was subject to forfeiture and she transferred that ammunition to a coconspirator. Accordingly, the district court committed no error, much less plain error, in ordering the forfeiture of substitute property up to the value of the ammunition that was transferred.

This court recently addressed a similar issue in *United States v. Valdez*, 911 F.3d 960 (9th Cir. 2018). Like Soto, the defendant in *Valdez* pleaded guilty to attempted smuggling of ammunition from the United States into Mexico, in violation of 18 U.S.C. § 554(a). *Id.* at 962. The district court entered a final order of forfeiture against the defendant for substitute property in lieu of the ammunition. *Id.* Valdez challenged the forfeiture order on appeal, arguing that "[28 U.S.C.] § 2461(c) does not apply to civil forfeitures under [28 U.S.C.] § 924(d) because § 924(d) does not use the word 'property,'" *id.* at 964, and because § 2461(c) limits courts to ordering "the forfeiture of the property."

We rejected Valdez's argument and held that "[s]ection 924(d) indisputably authorizes the civil forfeiture of firearms and ammunition, which simply are specific types of property." *Id.* Ultimately, we held that "[s]ection 924(d) describes the forfeitable property, and § 2461(c) authorizes the use of the procedures of § 853 *with respect to the forfeitable property*." *Id.* at 967 (emphasis in original). Although that holding is relevant to the present case, Soto and Valdez raised different arguments on appeal. This has required us to consider Soto's contention that criminal forfeiture is available only if a federal forfeiture statute expressly references the criminal statute under which a defendant is convicted.

**D. Soto's challenge to the adequacy of the notice of forfeiture in the indictment is not reviewable, but even if it were, the notice was adequate.**

Soto also challenges the adequacy of the notice of forfeiture set forth in the indictment. For Soto's offenses, the indictment states that the government would seek forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Section 981 sets forth when civil forfeiture is available and, as explained above, § 2461(c) authorizes criminal forfeiture whenever civil forfeiture is available.

Soto correctly argues that § 981 is not applicable in this case because the crimes listed in that statute do not include the offenses for which she was convicted. But this challenge first appears in her reply brief. Because Soto did not challenge the adequacy of the notice of forfeiture in the indictment before the district court or in her opening brief, the challenge is not reviewable. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues

which are argued specifically and distinctly in a party's opening brief.").

And even if we were to review Soto's challenge that the indictment lacked adequate notice of forfeiture, we would do so under the plain-error standard because Soto did not raise this argument before the district court. Rule 32.2(a) of the Federal Rules of Criminal Procedure prevents a district court from ordering criminal forfeiture unless the indictment includes notice that the government will seek forfeiture "as part of any sentence in accordance with the applicable statute." Other courts have held that the notice requirement of Rule 32.2(a) is met even if the indictment contains a forfeiture allegation that cites the wrong statute. *See, e.g.*, *United States v. Silvious*, 512 F.3d 364, 369–70 (7th Cir. 2008) ("Listing the wrong forfeiture statute did not prevent Silvious from receiving notice under Rule 32.2(a).").

Here, the indictment informed Soto that the government intended to seek forfeiture. And the preliminary and final forfeiture orders correctly cited 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p)(1)(B) as the applicable provisions. So even though the indictment cited the wrong statute, Soto was nevertheless provided with adequate notice of forfeiture. The district court therefore did not commit plain error regarding the adequacy of notice.

## III.    Conclusion

For all of the reasons set forth above, we **AFFIRM** the district court's forfeiture order.