NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10486 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00411-VC-1 |
| v. | |
| NAUM MORGOVSKY, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10448 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00411-VC-3 |
| v. | |
| IRINA MORGOVSKY, | |
| Defendant-Appellant. | |

Appeals from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted September 16, 2020**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WALLACE, TASHIMA, and BADE, Circuit Judges.

Naum and Irina Morgovsky appeal from their convictions and sentences, following guilty pleas, for conspiracy to violate the International Traffic in Arms Regulations (ITAR) in violation of the Arms Export Control Act (AECA), 22 U.S.C. §§ 2751–2799aa-2. Naum also appeals his convictions and sentences for money laundering in violation of 18 U.S.C. § 1956(a)(1)(B) and (a)(2)(A). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      The Morgovskys argue that the district court committed a variety of errors during each of their plea proceedings. Because the Morgovskys raised none of these challenges in the district court, we review for plain error. *United States v. Pena*, 314 F.3d 1152, 1155 (9th Cir. 2003). "Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, we may then exercise our discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Yijun Zhou*, 838 F.3d 1007, 1012 (9th Cir. 2016) (quotation marks omitted).

Naum and Irina point out that the district court failed to recite the elements of their offenses during both their plea colloquies. A district court must state the elements of an offense during a plea colloquy, and the failure to do so is error under well-settled Ninth Circuit precedent. *United States v. Covian-Sandoval*, 462

2

F.3d 1090, 1095 (9th Cir. 2006). However, neither Naum nor Irina proves that the error affected their substantial rights, as the third step of the plain error standard requires. *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004). An error affects substantial rights where there is "a reasonable probability that, but for the error, [the defendant] would not have entered the plea." *Id.* Here, both Naum and Irina confirmed in writing and during their plea colloquies that they fully understood the charges made against them. These facts, combined with the Morgovskys' representation by counsel in the district court, strongly support their "full comprehension of the nature of the offense[s]." *Covian-Sandoval*, 462 F.3d at 1095.

Next, Naum and Irina argue that the district court failed to determine a sufficient factual basis for their guilty pleas. "[A] court need not rely on the plea colloquy alone and may conclude that a factual basis exists from anything that appears on the record." *United States v. Mancinas-Flores*, 588 F.3d 677, 682 (9th Cir. 2009) (internal quotation marks and citation omitted). The statements that the district court relied on (particularly from the Morgovskys' presentence reports (PSRs) and their admissions during plea proceedings) establish a basis for each of the facts the Morgovskys now dispute: specifically, that they lacked the requisite license to export ITAR-controlled equipment to Russia, that they intentionally

3

agreed to join the conspiracy, and that they knew their conspiracy was illegal.[1]

The Morgovskys also argue that the district court failed to ensure their pleas were voluntary because Irina's plea agreement was contingent on Naum's guilty plea. Apart from citing generic statements that a district court should closely scrutinize "package plea deal" arrangements, *see, e.g.*, *United States v. Caro*, 997 F.2d 657, 659 (9th Cir. 1993), the only specific argument they make on this issue is that the district court failed to advise Irina that she could decline to enter a guilty plea even after she signed the plea agreement. But the record flatly contradicts this assertion: the court stated at her plea hearing, "You do have the right to continue to plead not guilty. Do you understand that?" Irina responded, "Yes."

Irina also argues that the district court failed to determine her competence adequately once it learned that she was taking an antidepressant. But after learning that Irina was "under the influence of some medication," the district court satisfied its obligations to determine "what type of drug [she] ha[d] taken" and "whether the drug [was] affecting [her] mental state." *United States v. Carter*, 795 F.3d 947, 954 (9th Cir. 2015).

---

[1] The Morgovskys fault the district court for relying on "totally defective PSRs, virtually identical for both Morgovskys." They are correct that many of the relevant portions of their PSRs are similar, but they cite no authority that it is improper for two co-conspirators' PSRs to closely mirror each other, and they fail to show that the factual findings the district court adopted from the PSRs were unreliable.

The court asked Irina whether she was "currently under the influence of any drug, medication or alcoholic beverage that would hinder [her] ability to understand the proceedings here today." She responded, "No, I'm taking some antidepressant, but they're not affect [sic] my ability to understand any of the proceedings." Irina suggests that her "short and contradictory answers" were "red flags" that the district court failed to investigate, but she fails to explain how her answers were contradictory, or what about them should have raised the district court's suspicion.

Next, Naum and Irina argue that their pleas were "not knowing and voluntary as a constitutional matter because the district court failed to advise [them] of the law in relation to facts and demonstrate on the record that [they] understood the complex charg[es] to which [they were] pleading." We reject this general argument for the same reasons we rejected the Morgovskys' specific challenges above: the record amply demonstrates that they understood the charges to which they were pleading guilty, they were represented by counsel, and they gave no indication that their decisions to plead guilty were anything but voluntary and intelligent. Finally, the Morgovskys' cumulative error arguments necessarily fail because only one error occurred. *United States v. Solorio*, 669 F.3d 943, 956 (9th Cir. 2012).

2. The Morgovskys argue that their conspiracy convictions under ITAR and the AECA should be vacated because Congress, when it enacted 22 U.S.C. § 2778, did not establish criminal conspiracy liability.[2] Because Irina has generally waived her appeal rights pursuant to her plea agreement, we do not entertain her challenge. *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011).[3] Moreover, because Naum did not raise this challenge in the district court as Federal Rule of Criminal Procedure 12(b)(3) requires, and he has not shown good cause, *United States v. Guerrero*, 921 F.3d 895, 897 (9th Cir. 2019) (per curiam), *cert. denied*, 140 S. Ct. 1300 (2020), he has waived his challenge on appeal except insofar as he "attack[s] the constitutionality of the law under which he is charged," *United States v. Parker*, 761 F.3d 986, 991 (9th Cir. 2014) (internal quotation marks and citation omitted). However, we review de novo Naum's constitutional argument that "under the separation of powers, Congress had no power and thus

---

[2] Notwithstanding the Morgovskys' own inconsistent characterizations of their challenge, it plainly consists of two distinct arguments: (1) that "Congress did not delegate to the Executive Branch its legislative authority . . . to create a separate crime of conspiracy," and (2) that even if Congress purported to delegate this authority, such a delegation violates the separation of powers.

[3] Although "even a valid appellate waiver does not prevent courts from reviewing an illegal sentence," *United States v. Pollard*, 850 F.3d 1038, 1041 (9th Cir. 2017), the rationale underlying this exception does not extend to challenging a statute of conviction because nothing prevents a defendant from raising the latter during pretrial proceedings. *See, e.g.*, *United States v. Johnson*, 67 F.3d 200, 203 n.6 (9th Cir. 1995) (discussing "the possibility that a sentencing error could be entirely unforeseeable and therefore not barred by the defendant's appeal waiver").

6

could not validly delegate to the Executive Branch the authority to create new generic crimes, such as conspiracy, separate and distinct from those proscribed by the statute enacted by Congress."[4] *United States v. Tabacca*, 924 F.2d 906, 912 (9th Cir. 1991); *United States v. Gilbert*, 813 F.2d 1523, 1526 (9th Cir. 1987).

In *United States v. Gurrola-Garcia*, we rejected the argument that an earlier, similarly-worded version of the same AECA provision "constitute[d] an unconstitutional congressional delegation of legislative power to the executive" insofar as it "empower[ed] the President to criminalize 'attempt' conduct." 547 F.2d 1075, 1078 (9th Cir. 1976). We reasoned, "It is well established that Congress may constitutionally provide a criminal sanction for the violation of regulations which it has empowered the President or an agency to promulgate." *Id.* at 1079 (collecting cases); *see also United States v. Chi Tong Kuok*, 671 F.3d 931, 934, 939 (9th Cir. 2012) (holding that Congress set forth an intelligible principle in charging the President to designate, and regulate the export of, "defense articles and defense services"). Naum argues that *Gurrola-Garcia* is distinguishable because it addressed attempt liability, not conspiracy liability, but this difference is

---

[4] Naum's argument that Congress *did* not delegate the authority to criminalize conspiracy (contrasted with his argument that Congress *could* not do so) is not a constitutional challenge. *See Dalton v. Specter*, 511 U.S. 462, 472 (1994) (collecting cases and distinguishing "between claims of constitutional violations and claims that an official has acted in excess of his statutory authority").

immaterial to our analysis. Thus, we affirm the Morgovskys' conspiracy convictions.

      3.      Naum argues that the district court violated his Sixth Amendment right to counsel by denying his request for substitution of counsel before his sentencing hearing. "We review a district court's denial of a motion for substitution of counsel for abuse of discretion." *United States v. Rivera-Corona*, 618 F.3d 976, 978 (9th Cir. 2010) (citation omitted). "[W]e consider (1) the timeliness of the substitution motion and the extent of resulting inconvenience or delay; (2) the adequacy of the district court's inquiry into the defendant's complaint; and (3) whether the conflict between the defendant and his attorney was so great that it prevented an adequate defense." *Id.* (citation omitted). Here, the district court plainly did not abuse its discretion. After holding both open and ex parte hearings, the district court found that Naum was attempting to delay the proceedings and that his last-minute request and criticism of his counsel fit a pattern of manipulative behavior the court had observed from Naum throughout the proceedings. Given the last-minute timing of the substitution request, Naum's lack of a convincing reason for requesting the substitution, and the district court's findings that Naum had pressured his wife to fire her lawyers and had illicitly filed documents in his lawyer's name, we hold that the district court's application of the standard was not "illogical," "implausible," or "without support in the record."

*United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (internal quotation marks omitted).

4.    Naum argues that the district court improperly conditioned its acceptance of his guilty plea on his admission of forfeiture allegations. We review unpreserved challenges to forfeiture proceedings for plain error, *United States v. Soto*, 915 F.3d 675, 678 (9th Cir. 2019), and we find no plain error here. By pressing Naum to indicate whether he understood the forfeiture allegations against him, the district court merely followed Federal Rule of Criminal Procedure 11(b)(1)(J), which requires "the court [to] inform the defendant of, and determine that the defendant understands, . . . any applicable forfeiture." We also reject Naum's arguments that the district court failed to "determine what property is subject to forfeiture" and to hold a forfeiture hearing. *See* Fed. R. Crim. P. 32.2. The district court satisfied Rule 32.2's first requirement when it adopted the PSR's recommendation on forfeiture, and it was not required to hold a hearing because the parties never requested one. *See id.* (b)(1)(B) (requiring a hearing "on either party's request").

5.    Naum argues that the district court erred in imposing a $1 million fine based on its finding, contrary to the PSR, that Naum had the ability to pay. In his opening brief, Naum asserts both that he lacks the present ability to pay the fine and that he lacks the future earning capacity to pay. The only argument Naum

9

preserved for appeal is that the district court erred by finding that Naum had the ability to pay because he was hiding assets. He has waived the argument that the district court erred on any other ground. "A district court's finding of whether a defendant is able to pay [a] fine is reviewed for clear error." *United States v. Orlando*, 553 F.3d 1235, 1240 (9th Cir. 2009). Even assuming that the district court erroneously determined Naum was hiding assets, Naum's challenge still fails because the district court clearly based its fine decision on two alternative, independently sufficient grounds: after Naum's counsel objected to the court's finding that Naum was hiding assets, the district court clarified that "even if he lacks the ability to pay now, he's . . . not likely to lack the ability to pay in the future." Because Naum has waived any argument that the district court erred on the latter ground, we affirm the district court's imposition of a fine.

**AFFIRMED.**[5]

---

[5] Because we affirm the district court, we do not reach Naum's request for reassignment to a different district court judge on remand.