NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 29 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>FRANCISCO DARIO MORA,<br><br>Defendant-Appellant. | No.   21-10147<br><br>D.C. No.<br>4:19-cr-03289-SHR-MSA-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Scott H. Rash, District Judge, Presiding

Submitted December 7, 2022[**]
Phoenix, Arizona

Before:  WARDLAW and BUMATAY, Circuit Judges, and ZOUHARY,[***]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Francisco Mora pled guilty to conspiracy to smuggle goods from the United States under 18 U.S.C. § 371, smuggling goods from the United States under 18 U.S.C. § 554, and making false statements in the acquisition of firearms in violation under 18 U.S.C. §§ 922(a)(6) and 924(a)(2). He received a 60-month sentence.

At sentencing, the Government sought substitute-asset forfeiture under 21 U.S.C. § 853(p). That provision states that the court "shall order the forfeiture of any other property of the defendant, up to the value of any property" that "has been transferred or sold to, or deposited with, a third party" or "placed beyond the jurisdiction of the court." Mora appeals the district court order awarding a forfeiture penalty of $32,663.48—the total amount of munitions purchases Mora smuggled to Mexico.

The substitute-asset forfeiture was proper under our precedent, and did not violate the Excessive Fines Clause. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

1.     Mora first claims that substitute-asset forfeiture was improper. Three intertwined statutes govern substitute-asset forfeiture. First, 18 U.S.C. § 924(d)(1) authorizes the civil forfeiture of firearms and ammunition. Second, 28 U.S.C. § 2461(c), the "bridging statute," permits the use of the criminal-forfeiture procedures in 21 U.S.C. § 853 whenever civil forfeiture is available and the defendant is found guilty of a crime. Third, 21 U.S.C. § 853(p) permits forfeiture of "substitute

2

property" in certain situations, including cases where "any property described in subsection (a), as a result of any act or omission of the defendant" cannot be located, has been sold, or has been placed beyond the court's jurisdiction. Section 853(a), referenced in § 853(p), then defines "[p]roperty subject to criminal forfeiture" as "any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of" an offense.

Mora asserts he did not possess a legitimate interest in the firearms and ammunitions, and therefore the munitions cannot be considered his "property" under § 853. In *United States v. Valdez*, 911 F.3d 960 (9th Cir. 2018), a nearly identical cartel straw-purchaser case, we held that the limiting personal "property" language of § 853(a) does not apply to cases under 28 U.S.C. § 2461(c). *See id.* at 967 (noting that § 853(a) is substantive, not procedural, and therefore it does not apply to substitute-asset forfeiture under § 853(p)). Thus, § 853(p) allows forfeiture of substitute assets even where a defendant purchased munitions at the direction of a third party with that party's funds.

Mora argues *Valdez* got it wrong, but we are bound by that ruling until a "relevant court of last resort [has] undercut the theory or reasoning underlying [*Valdez*] in such a way that the cases are clearly irreconcilable." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

2.      Mora next asserts the forfeiture violates the Excessive Fines Clause of

3

the Eighth Amendment because: (1) the judgment is disproportionate to the crime; and (2) the court did not "consider the hardship . . . posed by the forfeiture" penalty, including his negative net worth due to outstanding loans and medical liabilities. Both arguments fall short.

First, forfeiture is constitutionally excessive only "if it is grossly disproportional to the gravity of a defendant's offense," *United States v. Bajakajian*, 524 U.S. 321, 334 (1998), and the money judgment here does not cross this threshold. At sentencing, the district court found Mora was a "manager or supervisor" of the conspiracy under U.S.S.G. § 3B1.1(c), and also outlined the seriousness of the offense: "You basically funneled a lot of firepower into Mexico, which clearly is used for nothing but the cartels to kill people who they decide they want to kill for whatever reason they decide they want to kill." Further, the $32,663.48 forfeiture, which is near the low end of the Guidelines Range for fines ($30,000 to $250,000), is not grossly disproportional. *See, e.g., United States v. $132,245.00 in U.S. Currency*, 764 F.3d 1055, 1060 (9th Cir. 2014) (upholding forfeiture penalties over twice the maximum Guidelines Range fine).

Second, the district court properly considered "the effect of the forfeiture on [Mora's] family [and] financial condition." *United States v. Real Prop. Located in El Dorado Cnty.*, 59 F.3d 974, 985 (9th Cir. 1995), *abrogated in part on other grounds by Bajakajian*, 524 U.S. 321. At sentencing, the court addressed the §

3553(a) factors, including Mora's "family responsibilities and . . . medical issues." The court also referenced the Presentence Report, which detailed Mora's family situation, financial condition, and future job prospects. The record below reflects the district court fulfilled its obligation to consider the "harshness of the forfeiture." *Id.*

**AFFIRMED.**