**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

DEC 19 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    22-10131 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 4:19-cr-00338-JGZ-JR-1 |
| MARCO ANTONIO PERALTA-VEGA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted September 13, 2024
Phoenix, Arizona

Before:  RAWLINSON and COLLINS, Circuit Judges, and FITZWATER,
District Judge.**
Concurrence by Judge COLLINS.

Marco Antonio Peralta-Vega (Peralta-Vega) appeals the district court's

order awarding a forfeiture penalty of $21,027.50 in substitute property after he

pled guilty to smuggling goods into Mexico in violation of 18 U.S.C. § 554.

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. "Most post-judgment orders are final decisions within the ambit of 28 U.S.C. § 1291 as long as the district court has completely disposed of the underlying matter. . . ." *Oracle USA, Inc. v. Rimini St., Inc.*, 81 F.4th 843, 857 (9th Cir. 2023) (citation and alterations omitted). The Final Order of Forfeiture entered on May 19, 2022, was a "final decision under 28 U.S.C. § 1291" because it "disposed of the only matter left before the district court" after the district court disposed of the "underlying" criminal case. *Id.* (citation, alteration and internal quotation marks omitted). Thus, the time to appeal from the forfeiture order began to run on May 19, 2022, and Peralta-Vega's appeal filed May 21, 2022 was timely. *See id.*; *see also* Fed. R. App. P. 4(b).

1. We review "de novo a district court's interpretation of federal forfeiture law." *United States v. Soto*, 915 F.3d 675, 678 (9th Cir. 2019) (citation omitted). "We review the district court's determination of excessiveness de novo, but we accept the district court's findings of fact in conducting the excessiveness inquiry unless they are clearly erroneous. . . ." *United States v. $132,245.00 in U.S. Currency,* 764 F.3d 1055, 1057 (9th Cir. 2014) (citation and internal quotation marks omitted).

2. On the merits, Peralta-Vega argues that the forfeiture order should be vacated because the forfeiture order was not included in the district court's

judgment. Because he did not raise this challenge before the district court, we review for plain error. *See Soto*, 915 F.3d at 678. "Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights. . . ." *United States v. Bautista*, 989 F.3d 698, 701-02 (9th Cir. 2021) (citation and internal quotation marks omitted). There is no plain error in this case. The district court explicitly incorporated the forfeiture order into the judgment. Peralta-Vega has cited no Ninth Circuit authority, and we are aware of none precluding the district court from entering a more specific order after an evidentiary hearing. Peralta-Vega's reliance on Rule 32.2(b)(4) is misplaced. There was no failure to include the forfeiture order in the written judgment because the order was "included" by incorporation.

3.      According to Peralta-Vega, the district court erroneously declined to consider his financial conditions when determining the forfeiture amount. He also contends that the "forfeiture order is constitutionally excessive in light of . . . his family's financial condition." In determining whether an order of forfeiture is excessive under the Eighth Amendment, we instruct trial courts to consider— among other factors—"the effect of the forfeiture on defendant's family or financial condition." *United States v. Real Prop. Located in El Dorado Cnty.*, 59 F.3d 974, 985 (9th Cir. 1995), *as amended, abrogated in part on other grounds by United States v. Bajakajian*, 524 U.S. 321, 333-34. And the record reflects that the district court considered the effect of the forfeiture on Peralta-Vega's financial

3

condition and family. In any event, the district correctly assessed whether the forfeiture was "grossly disproportional to the gravity of the defendant's offense" by examining the factors discussed in *Bajakajian*, 524 U.S. at 337. *See 132,245.00 in U.S. Currency*, 764 F.3d at 1058.

4.     Finally, Peralta-Vega's argument that the district court erred by ordering the forfeiture of $21,027 as a substitute for the smuggled property is foreclosed by *United States v. Valdez*, 911 F.3d 960, 963-64 (9th Cir. 2018).

   **AFFIRMED.**[1]

---

[1] We deny Peralta-Vega's motion to expand the record on appeal.

*United States v. Peralta-Vega*, No. 22-10131

COLLINS, Circuit Judge, concurring in the judgment:

I agree that the district court's judgment should be affirmed, but my reasoning differs in certain respects from the majority's.  I therefore concur in the judgment.

1.  I agree that we have jurisdiction to consider all of Defendant-Appellant Marco Peralta-Vega's challenges concerning the district court's forfeiture order.  Even assuming that a general forfeiture order was orally entered at sentencing on August 17, 2021, *see* FED. R. CRIM. P. 32.2(b)(2)(C), that event did not start the clock for Peralta-Vega to appeal that order.  The time to appeal a forfeiture order does not begin to run until a "judgment is entered" that "include[s] the forfeiture order, directly or by reference."  *See* FED. R. CRIM. P. 32.2(b)(4)(B), (C).  Accordingly, Peralta-Vega's time to appeal the August 17, 2021 oral forfeiture order only began to run on May 19, 2022, when the district court entered a written order stating that its preliminary forfeiture order was now final and was incorporated into the final judgment.  Because Peralta-Vega timely appealed within 14 days of May 19, 2022, we have jurisdiction to review Peralta-Vega's challenges to the forfeiture order.

2.  On the merits, Peralta-Vega primarily contends that the district court was required to finalize the forfeiture amount at his August 17, 2021 sentencing hearing

and that the court lacked the authority to postpone that determination. Because

Peralta-Vega never argued below that the forfeiture *had* to be concluded on August

17, 2021, and he did not object when the district court stated that there would be

further forfeiture proceedings, our review is only for plain error. *See United States*

*v. Yijun Zhou*, 838 F.3d 1007, 1011 (9th Cir. 2016). "Plain error is (1) error, (2) that

is plain, (3) that affects substantial rights, and (4) [that] . . . seriously affects the

fairness, integrity, or public reputation of judicial proceedings." *United States v.*

*Gadson*, 763 F.3d 1189, 1203 (9th Cir. 2014) (simplified). Because in my view the

district court did not err, Peralta-Vega's challenge fails at the first step.

The district court validly imposed an amendable general forfeiture order

under Federal Rule of Criminal Procedure 32.2(b)(1)(A) and (b)(2)(C). In general,

a district court cannot order forfeiture without first "determin[ing] whether the

government has established the requisite nexus between the property and the

offense." FED. R. CRIM. P. 32.2(b)(1)(A); *see United States v. Mongol Nation*, 56

F.4th 1244, 1252 (9th Cir. 2023). Moreover, "[i]f, before sentencing, the court

cannot identify all the specific property subject to forfeiture . . ., the court may

enter a forfeiture order" that is subject to further amendment if the order "(i) lists

any identified property; (ii) describes other property in general terms; and

(iii) states that the order will be amended under Rule 32.2(e)(1) when additional

specific property is identified or the amount of the money judgment has been

2

calculated." FED. R. CRIM. P. 32.2(b)(2)(C) (paragraph breaks omitted).

The district court complied with these standards here. At the August 17, 2021 sentencing hearing, the court orally held that forfeiture was "appropriate" and that a "nexus ha[d] been established," and the court therefore "den[ied]" Peralta-Vega's "objections or arguments against forfeiture and substitute assets." The court also sufficiently identified the forfeitable property by stating that the substitute forfeiture was "based on the value of the specific items that were trafficked and which were seized and which [were] listed" in the government's proposed forfeiture order. The district court made clear, moreover, that the only issue remaining was the "amount of forfeiture" and that the court was therefore going to "set a further hearing" in order to set a final forfeiture amount. In accord with that oral pronouncement, the district court's minute order memorializing the August 17, 2021 hearing stated that the "[h]earing on forfeiture" was "continued" to a later date, thus confirming that a future, amended forfeiture order would be entered. Thereafter, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2)(C)(iii), the district court on May 19, 2022 validly amended the oral general forfeiture order after the final "amount of the money judgment ha[d] been calculated."

3. We need not decide whether *United States v. 6380 Little Canyon Road*, 59 F.3d 974 (9th Cir. 1995)—which stated that a district court, before imposing

3

forfeiture, should consider, *inter alia*, "the effect of the forfeiture on [the] defendant's family or financial condition," *id.* at 985—remains good law. *Cf. Pimentel v. City of Los Angeles*, 115 F.4th 1062, 1072 (9th Cir. 2024) (suggesting that financial hardship is a relevant factor *only* in *in rem* forfeiture proceedings). Even assuming *arguendo* that the district court was required to consider this factor, it did so and nonetheless concluded that this factor did not outweigh the other factors that favored forfeiture.

4. I agree with the majority that *United States v. Valdez*, 911 F.3d 960 (9th Cir. 2018), forecloses Peralta-Vega's remaining arguments.

For the reasons set forth above, I concur in the judgment.