NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50397 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-01005-LAB-1 |
| v. | |
| RAMON DELGADO, AKA Ramon Delgado-Pina, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted December 13, 2019
Pasadena, California

Before: KELLY,** PAEZ, and BADE, Circuit Judges.

Following a jury trial, Ramon Delgado was convicted of a single count of

knowingly making a materially false statement under 18 U.S.C. § 1001(a). He was

sentenced to twenty-four months' imprisonment and three years' supervised

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

release. Delgado appeals both his conviction and his sentence. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

I

During his employment as a United States Border Patrol agent, Delgado completed a mandatory background investigation to renew his security clearance. That investigation posed the following question to Delgado: have you had "close and/or continuing contact with a foreign national within the last seven (7) years with whom you, or your spouse, or cohabitant are bound by affection, influence, common interests, and/or obligation." Delgado identified two relatives and confirmed that he had no additional relationships to disclose. A federal grand jury subsequently indicted Delgado for two counts of knowingly making a materially false statement under 18 U.S.C. § 1001.[1]

At trial, the government introduced evidence of an undisclosed, personal and ongoing relationship between Delgado and two Mexican nationals, each of whom was engaged in international drug trafficking. Delgado does not dispute that the government's evidence was sufficient to establish a relationship between him and these individuals. Instead, he contends that his failure to disclose these relationships cannot sustain a conviction as a matter of law because the question

---

[1] The jury acquitted Delgado of the second count, which did not pertain to a statement made in connection with his background investigation.

posed to him was fundamentally ambiguous.  We review for plain error because Delgado failed to raise this argument prior to his conviction.  *See United States v. Yijun Zhou*, 838 F.3d 1007, 1011–12 (9th Cir. 2016).

The mere presence "of some ambiguity in a falsely answered question" does not require this court to set aside a conviction for perjury or for providing a false statement.  *United States v. Culliton*, 328 F.3d 1074, 1078 (9th Cir. 2003) (per curiam).  "It is for the jury to decide in such cases which construction the defendant placed on a question."  *Id.*  But a jury may not convict a defendant for such an offense, as a matter of law, when a question is "fundamentally ambiguous."  *Id.*  "A question is fundamentally ambiguous when 'men of ordinary intelligence' cannot arrive at a mutual understanding of its meaning."  *Id.* (quoting *United States v. Boone*, 951 F.2d 1526, 1534 (9th Cir. 1991)).

We find nothing "fundamentally ambiguous" about the question posed to Delgado, particularly when considering the context of the inquiry, the nature of Delgado's job, and the follow-up questions posed to him.  *See id.* at 1079.  To the extent the question contained some ambiguity, the district court properly permitted the jury to determine whether Delgado understood the question and whether, as understood, he knowingly provided a false answer.  *See United States v. McKenna*, 327 F.3d 830, 841 (9th Cir. 2003).  Thus, the district court did not err by failing to dismiss the indictment.

## II

Next, Delgado argues that his twenty-four month sentence is substantively unreasonable. Although Delgado's sentence is within the statutory maximum for such a violation, *see* 18 U.S.C. § 1001(a), his sentence is above the recommended Sentencing Guidelines range. Delgado argues that, in imposing an above-Guidelines sentence, the district court impermissibly relied on evidence of his uncharged conduct that was not presented to the jury and that was not "relevant conduct" to his conviction.

"A defendant has no right to a Guidelines sentence," *United States v. Hilgers*, 560 F.3d 944, 947 (9th Cir. 2009), and we do not automatically "presume that a non-Guidelines sentence is *un*reasonable," *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). A sentencing court has discretion "to 'conduct an inquiry broad in scope, largely unlimited either as to the kind of information [it] may consider, or the source from which it may come.'" *Pepper v. United States*, 562 U.S. 476, 489 (2011) (quoting *United States v. Tucker*, 404 U.S. 443, 446 (1972)).

We reject Delgado's argument that the district court abused its discretion by considering his uncharged conduct that Delgado asserts was not "relevant conduct" to his offense. This factor, which a district court uses to determine the Sentencing Guidelines range, *see* U.S.S.G. § 1B1.3(a)(1)(A), is inapplicable here because the

4

district court did not impose a Guidelines sentence.[2]  Delgado's above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553 factors and the totality of the circumstances, including the seriousness of Delgado's offense and the need for deterrence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  Thus, the district court did not abuse its discretion in imposing Delgado's sentence.

**AFFIRMED.**

---

[2] Further, Delgado does not contend the district court committed procedural error by miscalculating the Sentencing Guidelines range.  *See Carty*, 520 F.3d at 991.