**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    20-10059 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00539-DGC-1 |
| v. | |
| AARON ANTHONY ORDONEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted December 10, 2020[**]
San Francisco, California

Before:  W. FLETCHER and IKUTA, Circuit Judges, and SCHREIER,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

Aaron Anthony Ordonez appeals his conviction and sentence after a jury found him guilty of distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2), and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

We decline to rule on Ordonez's claim that his trial counsel rendered ineffective assistance. Neither of the two circumstances permitting us to review ineffective assistance claims on direct appeal is present here. *See United States v. Lillard*, 354 F.3d 850, 856 (9th Cir. 2003). The record on appeal is not sufficient to evaluate whether trial counsel's strategy at trial (including his cross-examination of government witnesses, decision not to hire an expert witness, and decision not to present additional alibi evidence) was deficient. *See United States v. McGowan*, 668 F.3d 601, 605 (9th Cir. 2012). Nor does the record on appeal provide a basis for a claim that the trial counsel's representation denied Ordonez his Sixth Amendment right to counsel, given that his trial counsel filed multiple pretrial motions to compel and suppress evidence, obtained favorable jury instructions, called two witnesses, and cross-examined each of the government's witnesses. *See Lillard*, 354 F.3d at 856–57.

The district court did not abuse its discretion under Rule 404(b) of the Federal Rules of Evidence by permitting testimony on uncharged conduct and the number of images of child pornography that Ordonez downloaded.  The evidence was relevant to whether Ordonez "knowingly" transported or distributed child pornography in violation of 18 U.S.C. § 2252(a)(2), *see United States v. Hardick,* 766 F.3d 1051, 1055–56 (9th Cir. 2014), and the district court considered the other relevant factors.  *See United States v. Luna*, 21 F.3d 874, 878 (9th Cir. 1994); *United States v. Ramirez-Robles*, 386 F.3d 1234, 1242 (9th Cir. 2004).  The district court properly applied Rule 403 by giving the jury a limiting instruction and barring the government from publishing the files of uncharged conduct to the jury. *See United States v. Vo*, 413 F.3d 1010, 1019 (9th Cir. 2005).

Ordonez now claims that the district court's calculation of the restitution amount violated the Ex Post Facto Clause, U.S. Const. art 1, § 9, cl. 3, and *Paroline v. United States*, 572 U.S. 434, 457 (2014).  Because Ordonez did not raise these claims to the district court, we review them for plain error.  *See* Fed. R. Crim. P. 52(b); *United States v. Yijun Zhou*, 838 F.3d 1007, 1010 (9th Cir. 2016). There is no evidence that the district court relied on the $3,000 mandatory minimum restitution amount from the 2018 amendments to 18 U.S.C. § 2259; rather, the district court required restitution payments of $5,000 per victim.

3

Therefore, the district court did not plainly violate the Ex Post Facto Clause.

Ordonez further argues that the district court misinterpreted the government's evidence that the victims were harmed by his repeated viewing of their images, but "an error that hinges on a factual dispute is not 'obvious' as required by the 'plain error' standard." *Yijun Zhou*, 838 F.3d at 1011 (citation omitted). Therefore, the district court did not plainly err in applying *Paroline*.

**AFFIRMED.**