**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 21 2023

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10257 |
| Plaintiff-Appellee, | D.C. No. 2:08-cr-00064-JCM-EJY-1 |
| v. | |
| STEVEN GRIMM, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted June 6, 2023**
San Francisco, California

Before: MILLER and KOH, Circuit Judges, and CHRISTENSEN,*** District Judge.

Defendant-Appellant Steven Grimm appeals the district court's decision denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (per curiam), we affirm.

The district court did not plainly err by evaluating Grimm's motion under the standard set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Where a party fails to raise an issue before the district court, we review for plain error. *United States v. Yijun Zhou*, 838 F.3d 1007, 1010 (9th Cir. 2016). "An error is plain if it is clear or obvious under current law." *United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003). Grimm argues for the first time on appeal that, because he has religious objections to receiving any of the available COVID-19 vaccinations, the district court should have applied the burden-shifting tests set forth under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5; the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb to 2000bb-4; and/or the Free Exercise Clause of the First Amendment. Grimm did not identify any cases in which a court at any level applied the standards set forth under RLUIPA, RFRA, or the Free Exercise Clause of the First Amendment in the context of a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Because the error Grimm alleges was not "clear or obvious under current law," the alleged error cannot be plain. *De La Fuente*, 353 F.3d at 769.

The district court did not abuse its discretion in concluding that Grimm failed to establish "extraordinary and compelling reasons" warranting a sentence reduction under § 3582(c)(1)(A)(i). The record supports the district court's finding that "Grimm's underlying health conditions, unvaccinated status, and mere potential for a COVID reinfection do not present an extraordinary and compelling reason to grant compassionate release" in light of Grimm's previous infection with COVID-19 while incarcerated, the Bureau of Prisons's risk mitigation efforts, and the fact that there were no positive cases among inmates at Grimm's facility at the time he filed his motion.

**AFFIRMED.**