OPINION
GRABER, Circuit Judge:
Defendant Yijun Zhou used fraudulent credit cards at a Target store in Colorado arid at Nordstrom stores in California to buy items worth almost $150,000. The government indicted him on one count of unauthorized use of access devices. Defendant pleaded guilty to that count. At the plea colloquy, the government stated that it would prove the fraudulent Nordstrom charges at trial but did not mention the Target charges. At sentencing, the district court imposed restitution .under the Mandatory Victims Restitution Act of 1996 (“MVRA”), without objection, for both the Nordstrom charges and the Target charges. Defendant timely appeals, arguing for the first time on appeal that the district court improperly ordered restitution with respect to the Target charges. We hold that the district court did not plainly err in imposing restitution and, therefore, affirm.
FACTUAL AND PROCEDURAL HISTORY
Defendant was indicted on one count of unauthorized use of access devices, and aiding and abetting others to do so, in violation of 18 U.S.C. §§ 2(a) and 1029(a)(2). The indictment charged:
Beginning ... no earlier than on or about March 13, 2011, and continuing through on or about December 17, 2011, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendant Yijun Zhou, together with others ..., aiding and abetting one another, ... knowingly and with intent to defraud used unauthorized access devices, .., specifically, credit cards, ,.. and by such conduct ■ obtained things of value ... together totaling $1,000 or more.
*1010 After Defendant pleaded guilty without the benefit of a plea agreement, the government stated that it would prove at trial that Defendant used fraudulent credit cards to make purchases at Nordstrom stores in California. Defendant understood those allegations and agreed that they were true. He also answered “Yes” to the question: “Are you pleading guilty because you did the things charged in Count [One] of the indictment?” The court also advised Defendant, that the amount , of restitution could be as high as $160,000.
The probation office prepared a presen-tence report and' an accompanying letter recommending a Guidelines range* of 30 to 37 months, a sentence of 37 months’ imprisonment, and restitution of $146,725.02, payable in varying amounts to 30 identified victims. The restitution amount, and the identified victims, concerned two'different sets of events. About half of the restitution amount stemmed from Defendant’s fraudulent credit card purchases at Nordstrom stores in California. The remainder related to Defendant’s fraudulent credit card purchases at a Target store in Colorado. Both in their written memoranda and in their oral presentations at the sentencing hearing, the parties disputed the calculation of the Guidelines range and the appropriate term of imprisonment, but neither party challenged the award of restitution.
At sentencing, the district court ruled in Defendant’s favor on one of the disputed issues and ruled in the government’s favor on the other disputed issue. The court calculated the Guidelines range to be 24 to 30 months, and it imposed a sentence of 30 months’ imprisonment. The court also ordered Defendant to pay $146,725.02 in restitution, in accordance with the list created by the probation office, which included the victims of both the Nordstrom and Target purchases.
Defendant timely appeals, challenging only the restitution order. He argues that the district court erred by awarding restitution to persons who were not victims of the offense of conviction, because the offense of conviction covered only the Nord-strom charges and the MVRA authorizes restitution only to victims of the offense. Defendant acknowledges, as he must, that he did not raise that argument (or any argument concerning restitution) to the district court.
STANDARD OF REVIEW
Because Defendant did not raise the issue before the district court, we review for plain error. The ordinary rule in criminal cases—established by Federal Rule of Criminal Procedure 52(b) and by Supreme Court precedent—is that “plain error” review applies to arguments raised for the first time on appeal. See Fed. R. Crim. P. 52(b) (“A plain error that affects substantial rights may be considered even though it was not brought to the court’s attention.”); United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Time and again, we have reviewed challenges to restitution orders—made for the first time on appeal—for plain error. See, e.g., United States v. Rizk, 660 F.3d 1125, 1136 (9th Cir. 2011) (reviewing for plain error-a dispute about the propriety of restitution); United States v. Fu Sheng Kuo, 620 F.3d 1158, 1162 (9th Cir. 2010) (“[W]e review only for plain error when the defendant failed to object to the [restitution order] in the district court.”). Indeed, in United States v. Bright, 353 F.3d 1114, 1120 (9th Cir. 2004), the defendant raised the same argument that Defendant makes here—that “the amount of restitution imposed was excessive because the court was authorized to order restitution only for the counts of conviction”—and we held that the defendant “did not challenge the amount of the restitution order before *1011 the district court, so we review [the] claim for plain error.” See also United States v. Weinstein, 834 F.2d 1454, 1456 (9th Cir. 1988) (reviewing for “plain error” whether the restitution amount “exceeds the actual damages or loss occasioned by the offense of which [the defendant] was convicted”). As a three-judge panel", we must apply the same standard of review—plain error. See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc).
The government points to a subset of our cases where we have “decline[d] to consider” an argument that hinged on an unresolved factual issue. E.g., United States v. Napier, 463 F.3d 1040, 1045-46 (9th Cir. 2006). The better reading of those cases is not as an exception to the “plain error” standard, but as an application of the “plain error” standard. At a minimum, an error that hinges on a factual dispute is not “obvious” as required by the “plain error” standard. See, e.g., United States v. Scrivner, 114 F.3d 964, 968 (9th Cir. 1997) (“[F]actual disputes do not rise to the level of plain error.” (internal quotation marks omitted)). Accordingly, by the time we determine that an issue hinges on a factual dispute, we have concluded that any error is not “plain.” Whether we “decline[d] to consider” an argument that hinges on a factual dispute or simply hold that any error is not plain, the result—affirming the district court’s decision—is the same. We clarify that, if the government thinks that a newly raised issue hinges on an unresolved factual dispute, the proper heading for that argument is under the “plain error” standard. Although we occasionally used the “decline to consider” formulation in some older cases, that formulation is best understood as an application of the “plain error” standard.
For his part, Defendant points to cases that, he contends, applied “de novo” review and rejected the application of “plain error” review. Defendant’s argument fails at the outset. In the two cases cited by Defendant where we applied “de novo” review, United States v. Yeung, 672 F.3d 594 (9th Cir. 2012); United States v. Reed, 80 F.3d 1419 (9th Cir. 1996),[1] the government did not request that we apply “plain error” review, so we had no occasion to consider the issue. Accordingly, those cases do not—and as three-judge decisions could not—overrule the earlier authority, such as Weinstein, requiring that we apply “plain error” review to non-jurisdictional arguments raised for the first time on appeal.[2] Miller, 335 F.3d at 899-900.
In one line of cases, we have held that “we are not limited to [the plain-error] standard of review where the appeal presents a pure question of law and there is no prejudice to the opposing party,” United States v. Gonzalez-Aparicio, 663 F.3d 419, 426 (9th Cir. 2011). In those *1012 circumstances, “we possess the discretion to refrain from applying the default plain error standard of review.” Id. Here, Defendant’s argument requires that we apply the legal standard in the MVRA'to the particular factual details in the record— the indictment, the plea colloquy transcript, the presentence report, and the sentencing transcript. In these circumstances, the issue is best characterized as a “mixed, question of law and fact,” not a “pure question of law.” See, e.g., TSC Indus., Inc. v. Northway, Inc., 426 U.S. 438, 450, 96 S.Ct., 2126, 48 L.Ed.2d 757 (1976) (describing a “mixed question of law and fact” as “the application of a legal standard to a particular set of facts”). To the extent that we have discretion to apply a different standard of review, we decline to exercise it here. Gonzalez-Aparicio, 663 F.3d at 426-27. We see no compelling reason to depart from our established case law applying “plain error” review to the same type of argument raised. by Defendant here.
MERITS
“Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, we may then exercise our discretion to notice a forfeited error, but only if (4) the error seriously affects the, fairness, integrity, or public reputation of judicial proceedings.” United States v. Myers, 804 F.3d 1246, 1257 (9th Cir. 2015) (alterations and internal quotation marks omitted), cert. denied, — U.S. -, 136 S.Ct. 1393, 194 L.Ed.2d 372 (2016). Here, any error is not plain, so the second criterion is not satisfied.
Thé MVRA provides that, in cases involving certain crimes (including unauthorized use of access devices), “the court shall order ,.. that the defendant make restitution to the victim of the offense.” 18 U.S.C. § 3663A(a)(l).[3] The statute defines the term “victim” as
a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant’s criminal conduct in the course of the scheme, conspiracy, or pattern.
Id. § 3663A(a)(2).
This is not a “case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity.” Id. Title 18 U.S.C. § 1029(a)(2) provides that whoever “knowingly and with intent to defraud traffics in or uses one or more unauthorized access devices during any one-year period, and by such conduct obtains anything of value aggregating $1,000 or more during that period ... shall, if the offense affects interstate or foreign commerce, be punished.” That statute does not have “as an element a scheme, conspiracy, or pattern of criminal activity.” Id. § 3663A(a)(2); see United States v. Gordon, 480 F.3d 1205, 1211 (10th Cir. 2007) (holding that § 1029(a)(2) does not contain as an element a scheme, conspiracy, or pattern of criminal activity); accord United States v. Acosta, 303 F.3d 78, 87 (1st Cir. 2002); United States v. Blake, 81 F.3d 498, 506 (4th Cir. 1996). Accordingly, the only issue is whether the Target victims were persons “directly and proximately harmed as a result of the commission of’ Defen *1013 dant’s crimes of conviction. 18 U.S.C. § 3663A(a)(2).
We have interpreted that statutory-text to mean that “a court may award restitution under the MVRA only for loss that flows directly from the specific conduct that is the basis of the offense of conviction. Thus, a court is authorized to order restitution for the offense of conviction and not for other related offenses of which the defendant was not convicted.” May, 706 F.3d at 1214 (citations, internal quotation marks, and footnote omitted). In addition, the statute requires the court to award restitution in full for each victim of the offense. 18 U.S.C. § 3664(f)(1)(A). The parties dispute whether it was plain error to order restitution to the victims of the Target charges.[4]
Defendant correctly points out that, at the plea colloquy, the government asserted that it would prove (and Defendant admitted) factual allegations concerning Nordstrom only; the Target transactions were not mentioned. Defendant cogently contends that everyone implicitly understood that only the Nord-strom charges constituted the offense of conviction. But the government correctly points out that Defendant pleaded guilty to Count One of the indictment and that its text is broad enough to cover both the Nordstrom charges and the Target charges.
The count charged Defendant with fraudulent credit card use “in Los Ange-les and Orange Counties, within the Central District of California, and elsewhere,” (emphasis added), which includes Colorado, the site of the Target charges. Similarly, the count charged Defendant with fraudulent credit card use “no earlier than on or about March 13, 2011, and continuing through on or about December 17, 2011.” Although there is some evidence to the contrary, much evidence.in the record would support a finding that the Target charges occurred in July 2011. For example, the presentence report itemized the Target charges and noted that they occurred “in July 2011.” On plain-error review, the burden is on Defendant to demonstrate error. To the extent that the record .is unclear as to the date of the transactions, the fault rests with Defendant for failing to object before the district court in order to make a more complete record. Accordingly, we conclude that, for purposes of plain-error review, the Target charges occurred in July 2011—within the indictment period.
Defendant did not plead guilty only to the . Nordstrom allegations—he pleaded guilty to Count One of the indictment. “A guilty plea conclusively admits all factual allegations of the indictment....” United States v. Kubick, 205 F.3d 1117, 1129-30 (9th Cir. 1999) (internal quotation marks omitted). The fraudulent Target charges fit within the scope of that count, and Defendant does not contest that he actually engaged in criminal conduct at the Target store in Colorado that meets the terms of the indictment. Especially given “the MVRA’s broad remedial purpose,” United States v. Eyraud, 809 F.3d 462, 468 (9th Cir. 2015), Congress likely intended restitution to all victims within the scope of an admitted crime, even if the parties focused primarily on one set of victims at the plea colloquy.
The Fourth Circuit’s decision in United States v. Bailey, 975 F.2d 1028, 1033-34 *1014 (4th Cir. 1992), - supports that conclusion. In that case, the defendant pleaded guilty to a count in the indictment of defrauding investors of more than $15 million. Id. at 1033. The court rejected his argument on appeal that restitution was proper only with respect to investors specifically named in the indictment. Id. ■ The court reasoned that his “offense was defined broadly in the indictment,” he pleaded guilty to the broadly defined charge and, accordingly, restitution was appropriate for all investors within the indictment, not just those investors named specifically. Id. The same reasoning applies here: Defendant pleaded guilty to Count One of the indictment, and restitution is therefore appropriate for all victims of that count. See also United States v. Jackson, 982 F.2d 1279, 1283-84 (9th Cir. 1992) (holding that restitution is appropriate for all victims of the count of conviction, even though other counts, involving the same victims and the same loss, were dismissed).
Moreover, the “factual basis” requirement for the plea colloquy does not mandate that the government list all facts constituting the crime; the government merely must demonstrate that “there is sufficient evidence to support the conclusion that the defendant is guilty.” United States v. Covian-Sandoval, 462 F.3d 1090, 1093 (9th Cir. 2006) (internal quotation marks omitted). The purpose of the “factual basis” requirement is simply “to ensure that the defendant is not mistaken about whether the conduct he admits to satisfies the elements' of the offense charged.” United States v. Mancinas-Flores, 588 F.3d 677, 682 (9th Cir.- 2009). Because the Nordstrom charges indisputably were sufficient to establish a factual basis for Defendant’s crime, the government was not required to mention the Target charges at the plea colloquy.
But we need not and do not decide definitively whether the district court erred, because any error was not plain. We agree with the First Circuit’s treatment of this issue in Acosta. In that case, the defendant pleaded guilty to a one-count indictment for credit-card fraud during a 10-month period, in violation of § 1029(a)(2), the same statute at issue here. Acosta, 303 F.3d at 81. Before accepting the plea, the distinct court had suppressed evidence of some of the fraudulent transactions. Id. At sentencing, the district court ordered the defendant to pay restitution to all victims, including victims of the suppressed transactions. Id. at 82. The defendant did not object. Id. On appeal, the First Circuit held that “there was no plain error in the district court’s use of the suppressed evidence to calculate restitution.” Id. at 90. For the same reasons, we conclude that any error here was not plain.
AFFIRMED.

. Defendant also cites United States v. May, 706 F.3d 1209 (9th Cir. 2013). That case is inapposite. We never stated the applicable standard of review, and we concluded that “the district court plainly erred in ordering restitution for [a company’s] expenses.” Id. at 1215 (emphasis added). In short, if anything, May supports the conclusion that “plain error” review applies here.

. As the Supreme Court recently reiterated, de novo review—and not “plain error” review—applies to “a nonwaivable limit on federal courts' subject-matter jurisdiction.” Mu-sacchio v. United States, — U.S. -, 136 S.Ct. 709, 716, 193 L.Ed.2d 639 (2016); see United States v. Pocklington, 792 F.3d 1036, 1039-40 (9th Cir. 2015) (applying the rule); United States v. Doe, 366 F.3d 1069, 1075-76 (9th Cir. 2004) (en banc) (same). But that exception has no application here because the district court clearly had subject matter jurisdiction to sentence Defendant and to impose restitution; Defendant challenges only the extent of restitution. See Doe, 366 F.3d at 1076-77 (describing the limited nature of this exception to plain-error review).

. The statute also authorizes restitution to "persons other than the victim of the offense,” if the parties so agree in a plea agreement. 18 U.S.C. § 3663A(a)(3). Because there was no plea agreement here, that provision does not apply.

. Defendant does not argue—and cannot argue—that he was misled during the plea colloquy as to the potential amount of restitution. As previously noted, the district court advised Defendant that restitution could be as high as $160,000. Instead, Defendant argues that the restitution exceeded the court's statutory authority.