**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50355 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-02497-AJB |
| v. | |
| JAMES FRANCIS MURPHY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted January 8, 2018
Pasadena, California

Before: M. SMITH and FRIEDLAND, Circuit Judges, and RAKOFF,[**] Senior District Judge.

James Murphy appeals the district court's calculation of his base offense level and imposition of restitution as a condition of supervised release. Murphy was convicted of four counts of filing fictitious financial obligations in violation of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

18 U.S.C. § 514, three counts of making false claims in violation of 18 U.S.C. § 287, and one count of corrupt interference with the administration of the internal revenue laws in violation of 26 U.S.C. § 7212(a). The district court sentenced Murphy to 36 months' imprisonment on the corrupt interference count under § 7212(a), and 48 months on the other seven counts, to run concurrently.

Murphy initially appealed his conviction, but not his sentence, and we vacated the fictitious financial instrument convictions and affirmed the rest. *See United States v. Murphy*, 824 F.3d 1197, 1200 (9th Cir. 2016). On remand, the United States elected to dismiss the vacated counts and schedule the matter for resentencing. The Court found a base offense level of 20 and applied both a "sophisticated means" enhancement and an "obstruction of justice" enhancement. This resulted in an adjusted offense level of 24 with a guideline range of 51 to 63 months' incarceration. The district court sentenced Murphy to 42 months incarceration. The Court also ordered restitution of $447,528 as a condition of supervised release. Murphy now appeals the resentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Murphy first argues that the district court erred in finding that Murphy intended to cause the loss of $1.49 million, and so erred in setting the base offense level at 20. The district court included a total of $1.2 million that Murphy listed as return amounts on his 2005-07 tax returns, to which Murphy was not actually

2

entitled. Murphy contends that text that he printed on the face of each page of these tax returns, as well as in his letter accompanying the returns, shows that he in fact requested that this amount be set off against his preexisting debt, not returned to him as a refund. This Court reviews a sentencing court's application of the Guidelines to the facts for abuse of discretion. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170–74 (9th Cir. 2017) (en banc). Murphy clearly listed $1.2 million on the lines of his returns where he was to indicate the refunds sought, and he supplied his checking account and routing numbers for the refunds. Neither the largely unintelligible text he printed on each page nor the equally opaque letter accompanying his returns clearly indicate that he sought to have that money set off against his debt rather than refunded to the accounts whose information he provided; indeed, these passages are largely gibberish. The Court's finding of a base offense level of 20 was therefore not an abuse of discretion.

Murphy next takes issue with the district court's application of a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. *See* U.S. Sentencing Guidelines Manual § 3C1.1 (U.S. Sentencing Comm'n 2015). Probation recommended that the district court impose the obstruction enhancement because "the defendant sent false written accusations of criminal conduct to an IRS employee, for the purposes of intimidation, in order to prevent him from performing official duties."

Murphy contends that the district court erred because it did not explain its decision to apply this enhancement. We disagree. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("It is most helpful for [an explanation] to come from the bench, but adequate explanation in some cases may also be inferred from the PSR or the record as a whole."). Despite Murphy's contention to the contrary, such an explanation exists here. "Obstruction during an IRS audit justifies enhancing a defendant's sentence for obstruction 'during the course of the investigation'" under Section 3C1.1 because "[a]n IRS audit is an official investigation that may be the first step leading to a criminal conviction for tax violations." *United States v. Yip*, 592 F.3d 1035, 1042 (9th Cir. 2010) (quoting U.S.S.G. § 3C1.1). Moreover, an attempt to obstruct justice is sufficient to justify an enhancement under Section 3C1.1. *See United States v. Sayetsitty*, 107 F.3d 1405, 1410 (9th Cir. 1997). Here, Murphy's correspondence with the IRS explains the district court's application of this enhancement.

Murphy also argues that the district court impermissibly relied on the same conduct and elements that led to the sophisticated means enhancement when imposing the obstruction enhancement. *See United States v. Nagra*, 147 F.3d 875, 883 (9th Cir. 1998) (describing impermissible "double counting"). In actuality, while overlapping conduct may have been involved, both the court and counsel implicitly recognized that very different elements were involved, for at the original

4

sentencing, the district court expressly invited argument from the parties on both enhancements, but defense counsel just as expressly chose to argue only against the imposition of the sophisticated means enhancement. The court denied defendant's objections regarding that enhancement, explained its ruling on the only enhancement that defendant had chosen to argue, and then ruled that "both sophisticated means/obstruction [were] warranted and should apply."[1] Thus, the court did not, as defendant argues, impose the obstruction enhancement for conduct already accounted for by the sophisticated means enhancement, but rather accepted defense counsel's choice to argue only against the sophisticated means enhancement.

Murphy next challenges the district court's restitution order. First, he argues that the district court erred by imposing restitution for his violation of Section 7212(a) despite the fact that the jury returned a general verdict and some of the conduct charged under that count did not cause any loss.

Murphy, however, did not make this objection at either of the sentencing hearings before the district court, so we review this claim for plain error. *See United States v. Yijun Zhou*, 838 F.3d 1007, 1010 (9th Cir. 2016). "Plain error is

---

[1] While later, at resentencing, defense counsel said on the record that defendant wanted to "preserve the previous objections we made to the plus two for sophisticated means, as well as obstruction," the addition of these last few words was hardly enough to resurrect any arguments defendant had abandoned at the original sentencing.

(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, we may then exercise our discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Myers*, 804 F.3d 1246, 1257 (9th Cir. 2015) (quoting *United States v. Kyle*, 734 F.3d 956, 963 (9th Cir. 2013) (alterations and internal quotation marks omitted)). Murphy has cited no case showing that reliance on the general verdict was clearly an error. *See United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003) ("An error cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results."). And he has also failed to show that the loss associated with the respective count could not have equaled the amount of restitution ordered. Therefore, he has not shown plain error.

Murphy also argues that, in calculating the restitution amount, the district court erred in relying solely on the declaration of an IRS agent who claimed to have calculated the taxes owed from 2003 to 2007, including interest, where that declaration did not outline precisely how those amounts were calculated. Relying on this uncontested affidavit was not error, much less plain error. More detailed evidence and explicit findings are only required "when a dispute arises as to the proper amount of restitution," *United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008), but Murphy did not contest the agent's calculations until this appeal.

Finally, Murphy argues that the district court erred by including prejudgment interest at the statutory rate under Section 6621 of the Internal Revenue Code, 26 U.S.C. § 6621, which sets the interest rate the IRS should impose for delinquent taxes. "A restitution order is reviewed for an abuse of discretion, provided that it is within the bounds of the statutory framework." *United States v. Marks*, 530 F.3d 799, 811 (9th Cir. 2008) (quoting *United States v. Gordon*, 393 F.3d 1044, 1051 (9th Cir. 2004) (internal quotation marks omitted)). Murphy does not dispute that the inclusion of interest was legal, but only that the steep interest rate applied "essentially amounted to an unauthorized windfall to the IRS." This argument is unavailing. The interest rate under Section 6621 is that which Congress has determined is appropriate to reimburse the government for the losses it suffers by not having the benefit of unpaid taxes over time. Applying that law in the context of restitution intended to compensate the IRS for that same loss was not an error at all, much less an abuse of discretion.

AFFIRMED.