**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30083 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00232-EJL-2 |
| v. | |
| JUSTIN ANDREW GOMEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted October 18, 2019
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and BATAILLON,**
District Judge.

Justin Andrew Gomez appeals the district court's imposition of the career

offender enhancement at his sentencing for possession with intent to distribute

methamphetamine in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Joseph F. Bataillon, United States District Judge for
the District of Nebraska, sitting by designation.

under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm.

Gomez's career offender enhancement was based on prior convictions for assault with a firearm, Cal. Penal Code § 245(a)(2), and possession of methamphetamine for sale, Cal. Health and Safety Code § 11378. *See* United States Sentencing Guidelines § 4B1.1(a). At sentencing, Gomez objected to the district court's use of his assault conviction to support its determination that he was a career offender. He did not object to the use of his methamphetamine conviction as the second predicate.

Gomez argues for the first time on appeal that his § 11378 conviction is categorically overbroad because California law reaches geometric isomers of methamphetamine, Cal. Health and Safety Code §§ 11033, 11055(d)(2), while federal law includes only optical isomers, 21 U.S.C. §§ 802(14), 812 Schedule II(c), Schedule III(a)(3). He challenges his career offender status on that basis here.

We review for plain error. *See United States v. Gonzalez-Aparicio*, 663 F.3d 419, 426–27 (9th Cir. 2011); Fed. R. Crim. P. 52(a). The government asserts that geometric isomers of methamphetamine do not exist, rendering any overbreadth illusory. This argument hinges on both an unsettled question of law, *see United States v. Rodriguez-Gamboa*, No. 19-50014, __ F.3d __, 2019 WL 7206435 (9th Cir. 2019), and on the unresolved factual question of the isomer's

2

existence.  Because "an error that hinges on a factual dispute is not 'obvious' as required by the 'plain error' standard," *United States v. Yijun Zhou*, 838 F.3d 1007, 1011 (9th Cir. 2016), the district court did not plainly err in determining that Gomez was a career offender.

**AFFIRMED.**