**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30179 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00210-TOR-1 |
| v. | |
| LOUIS LEE ZACHERLE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief District Judge, Presiding

Argued and Submitted July 10, 2020
Seattle, Washington

Before: NGUYEN and BUMATAY, Circuit Judges, and SEEBORG,** District
Judge.

Louis Lee Zacherle appeals the district court's order requiring him to pay

$15,000 in restitution following his conviction for assault resulting in serious

bodily injury, in violation of 18 U.S.C. §§ 113(a)(7) and 1153. Zacherle contests

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**      The Honorable Richard Seeborg, United States District Judge for the
Northern District of California, sitting by designation.

the amount of the restitution award, arguing that the government failed to prove causation between the offense of which he was convicted and the financial injury suffered by the victim. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

1. The district court did not improperly look beyond the offense conduct when devising the restitution award. *See United States v. Yijun Zhou*, 838 F.3d 1007, 1013 (9th Cir. 2016) ("[A] court is authorized to order restitution for the offense of conviction and not for other related offenses of which the defendant was not convicted." (citation omitted)). Zacherle pleaded guilty to assaulting C.O. on December 9, 2014, but he conceded in his plea agreement that incident did not occur in isolation. As part of the factual basis for his plea, Zacherle admitted that the December 9 incident "was one part of a larger tumultuous relationship," and that "C.O. reported other incidents during this general timeframe involving other assaults and attempted strangulation." Zacherle again acknowledged in his sentencing memorandum, under the heading for "Offense Conduct," "that Mr. Zacherle (to his detriment) agreed on certain enhancements that were part of a 'larger and tumultuous relationship' – to include 'other assaults and attempted strangulation.'" The district court therefore did not err in considering the broader history between Zacherle and C.O. in its restitution assessment.

2

2. The district court also did not err in finding causation between the relevant conduct and C.O.'s losses. *See United States v. Eyraud*, 809 F.3d 462, 467 (9th Cir. 2015) ("The amount of restitution is limited to the victim's 'actual losses' that are a direct and proximate result of the defendant's offense." (citation omitted)). C.O.'s unrebutted testimony and victim impact statement, which she affirmed under oath at the sentencing hearing, established a sufficient nexus between Zacherle's abuse and her losses. For example, C.O. described the "severe abuse" she experienced at the hands of Zacherle, and the "PTSD, battered-woman syndrome, anxiety, panic attacks, night terrors, [and] sleep disorder" that she attributes to Zacherle's conduct. C.O. further explained that she suffered "the loss of [her] job that [she] had worked for 15 years"; that "[her] PTSD is a very difficult disability to manage and cope with"; and that she is "now on disability because of [her] conditions that are the aftermath of the violent abuse inflicted on [her] for the past seven years" by Zacherle. Although C.O.'s injury accumulated over time, the causal chain "is not extended so far as to become unreasonable." *United States v. Peterson*, 538 F.3d 1064, 1077 (9th Cir. 2008).

3. Finally, the district court properly found the evidence sufficiently reliable to support the restitution award. *See United States v. Waknine*, 543 F.3d 546, 557 (9th Cir. 2008) (explaining that a district court enjoys "a degree of flexibility in accounting for a victim's complete losses," but it "may utilize only evidence that

3

possesses sufficient indicia of reliability to support its probable accuracy" (internal quotation marks, brackets, and citations omitted)). C.O. offered live testimony and a victim impact statement detailing the mental health problems that arose from Zacherle's abuse and explaining the spiraling effects thereof on her life, including the loss of her job. C.O. stated that her PTSD was clinically diagnosed and formed the basis for her claim to the Washington State Crime Victims Compensation Program ("CVCP"), and the corresponding CVCP paperwork, including the doctor's certification, appears in the record. C.O. attested that her CVCP claim was "based on the trauma [she] suffered because of the domestic violence that's been perpetrated on [her] by the defendant," and she explained that she received the $15,000 from the fund as compensation for lost wages that stemmed from her PTSD. Defense counsel elected not to cross-examine C.O., and her testimony was unrebutted. As we have recognized, "victim affidavits will generally provide sufficient, reliable evidence to support a restitution order," so long as such affidavits are not "too summary and too conclusory" to demonstrate adequate indicia of reliability under the circumstances. *Id.* C.O.'s statements more than satisfy that standard.

**AFFIRMED.**

4