**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 12 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ONOVUGHE IGHORHIOHWUNU,

Defendant-Appellant.

No.   22-10199

D.C. No.
4:21-cr-01119-SHR-DTF-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Scott H. Rash, District Judge, Presiding

Submitted December 8, 2023**
San Francisco, California

Before:  BRESS and JOHNSTONE, Circuit Judges, and MOSKOWITZ,*** District
Judge.

Onovughe Ighorhiohwunu appeals the district court's restitution order under

the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A, arguing that

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Barry Ted Moskowitz, United States District Judge for
the Southern District of California, sitting by designation.

the court erred in imposing $500,000 in restitution for losses suffered by victim T.M. We review a district court's restitution order for abuse of discretion, provided it is within the bounds of the statutory framework, and its factual findings for clear error. *United States v. Lawrence*, 189 F.3d 838, 846 (9th Cir. 1999). However, because Ighorhiohwunu did not object to the restitution order below, he must demonstrate plain error. *United States v. Yijun Zhou*, 838 F.3d 1007, 1010–12 (9th Cir. 2016). Under that standard, Ighorhiohwunu "must demonstrate: (1) error; (2) that is clear or obvious; (3) that affects the defendant's substantial rights; and (4) that the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Jaimez*, 45 F.4th 1118, 1129 (9th Cir. 2022) (quoting *United States v. Macias*, 789 F.3d 1011, 1017 (9th Cir. 2015)). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err, let alone plainly err, in ordering Ighorhiohwunu to pay restitution to T.M. for the actual losses she suffered as a result of the online romance scam in which Ighorhiohwunu participated. Because Ighorhiohwunu was convicted of conspiracy to commit money laundering, it is undisputed that he was subject to the MVRA. *See* 18 U.S.C. § 3663A(c)(1)(A)(ii) (applying to certain "offense[s] committed by fraud or deceit"). Under the MVRA, restitution is owed to "any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." *Id.* § 3663A(a)(2). However, "if someone is

2

convicted of a conspiracy, the court can order restitution for damage resulting from any conduct that was part of the conspiracy." *United States v. Reed*, 80 F.3d 1419, 1423 (9th Cir. 1996). In that event, "[t]he harm to the victim must . . . be closely related to the scheme, rather than tangentially linked." *In re Her Majesty the Queen in Right of Canada*, 785 F.3d 1273, 1276 (9th Cir. 2015). The government must prove the loss amount by a preponderance of the evidence. *Lawrence*, 189 F.3d at 846.

The government met its burden here. The district court did not err in concluding that a preponderance of the evidence showed that Ighorhiohwunu participated in the same conspiracy that caused T.M.'s loss. The conspiracy featured men in the United States and Nigeria who worked together to create online personas, develop fake romantic relationships with women in the United States, convince the women to transfer money to specified bank accounts, and launder the money by moving funds from the women between multiple accounts. In addition, victims were directed by conspirators to deposit funds into the account of either Ighorhiohwunu's company or, in the case of T.M., a company that shared the address of Ighorhiohwunu's company. T.M.'s experience was virtually identical to those of other victims who were directed to pay funds directly into Ighorhiohwunu's account. Ighorhiohwunu argues that, unlike with the other victims of the conspiracy, he did not directly cause T.M.'s losses. But Ighorhiohwunu's conspiracy "was, in fact, the

3

same scheme as, or was related to, the scheme" that caused T.M.'s losses. *United States v. Thomsen*, 830 F.3d 1049, 1068 (9th Cir. 2016). It is therefore irrelevant whether Ighorhiohwunu himself interacted with T.M. or whether T.M. paid funds directly into one of Ighorhiohwunu's accounts. *See Reed*, 80 F.3d at 1423.

Nor did the district court order restitution for intended loss, as Ighorhiohwunu contends. The evidence at sentencing showed that the conspiracy caused T.M. to sustain $500,000 in actual losses, which is the amount the district court ordered as restitution to T.M. And Ighorhiohwunu does not challenge the fact that T.M. actually lost $500,000 as a result of the fraudulent scheme.

**AFFIRMED.**