NOT FOR PUBLICATION

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JAN 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff-Appellee,<br><br>　v.<br><br>MARIO ONESIMO GONZALEZ,<br><br>　　　　　Defendant-Appellant. | No.　23-1547<br><br>D.C. No.<br>3:21-cr-03308-JO-1<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Jinsook Ohta, District Judge, Presiding

Argued and Submitted December 3, 2024
Pasadena, California

Before: SANCHEZ and DE ALBA, Circuit Judges, and ZIPPS,[**] Chief District Judge.

Appellant Mario Onesimo Gonzalez appeals his jury conviction for

importation of methamphetamine and fentanyl in violation of 21 U.S.C. §§ 952 and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jennifer G. Zipps, Chief United States District Judge for the District of Arizona, sitting by designation.

1

960. Gonzalez argues four prejudicial errors warrant reversal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    The government's removal of a GPS device, microphone, and relay, before documenting how those objects connected to each other and to other parts of the vehicle, did not violate Gonzalez's due process rights under *California v. Trombetta*, 467 U.S. 479, 489 (1984). The failure to preserve potentially exculpatory evidence can result in reversal where (1) "the government acted in bad faith"; and (2) "the missing evidence is 'of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.'" *United States v. Sivilla*, 714 F.3d 1168, 1172 (9th Cir. 2013) (quoting *Trombetta*, 467 U.S. at 489). Gonzalez has the burden of proof as to each element. *United States v. Zaragoza-Moreira*, 780 F.3d 971, 977, 981 (9th Cir. 2015).

2.    Because Gonzalez did not present his due process challenge to the district court, we review for plain error. *See United States v. Yijun Zhou*, 838 F.3d 1007, 1010 (9th Cir. 2016). Plain error is (1) error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id.* at 1012. Gonzalez fails to demonstrate plain error.

3.    The record is devoid of evidence showing that agents acted in bad faith, i.e., with awareness that the way in which the GPS was hardwired into the

2

van had exculpatory value. *See United States v. Cooper*, 983 F.2d 928, 931 (9th Cir. 1993) ("The presence or absence of bad faith turns on the government's knowledge of the apparent exculpatory value of the evidence at the time it was lost or destroyed."). Gonzalez also fails to show that he was unable to obtain comparable evidence by reasonably available means. In the 11 months between the discovery of the GPS and the second trial, he never attempted to examine the GPS or determine how it connected to other parts of the van.

4.      The district court did not err when it admitted HSI Special Agent Jamisha Johnson's testimony regarding the value of the seized drugs. We review the district court's ruling on the admissibility of expert testimony for an abuse of discretion. *United States v. Valencia-Lopez*, 971 F.3d 891, 897 (9th Cir. 2020). Because Gonzalez failed to object to the admission of the testimony on Confrontation Clause grounds, we review that claim for plain error. *United States v. Macias*, 789 F.3d 1011, 1017 (9th Cir. 2015).

5.      The district court did not abuse its discretion when it admitted Johnson's testimony. "The inquiry envisioned by Rule 702 is . . . a flexible one," *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 594 (1993), and district courts have broad latitude to decide both how to test an expert's reliability and whether an expert's testimony is reliable, *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1189 (9th Cir. 2019) (citations omitted). The district court properly

3

exercised its gatekeeping role under Federal Rule of Evidence 702. The court held a *Daubert* hearing and made explicit and detailed reliability findings, which are sufficiently supported by the record. Johnson had 15 years of experience in drug investigations, and she testified to the reliability of the price list based on the manner in which data is gathered and put to use in drug investigations.

6.      Johnson's testimony regarding value did not violate the Confrontation Clause because her testimony involved some independent judgment. *See United States v. Vera*, 770 F.3d 1232, 1237 (9th Cir. 2014) (explaining that a Confrontation Clause violation occurs if the expert is used as a conduit for testimonial hearsay but not when the expert applies her training and experience to the sources before her and reaches an independent judgment); *United States v. Gomez*, 725 F.3d 1121, 1130 (9th Cir. 2013) (holding that an expert's testimony requires only "some level of independent judgment" to satisfy plain error review). Johnson considered the reasonableness of the price list in light of her 15 years of experience in undercover drug operations, conferred with other value experts and agents involved in similar operations, and deducted 10% of the total weight of methamphetamine to account for packaging, an amount she based on her experience and conversations with other drug investigators.

7.      The district court did not abuse its discretion in refusing to allow Gonzalez to cross-examine Officer del Rio about his failure to mention the smell of

4

gasoline during the first trial. We review challenges to a trial court's restrictions on the manner or scope of cross-examination on nonconstitutional grounds for an abuse of discretion. *United States v. Larson*, 495 F.3d 1094, 1101 (9th Cir. 2007) (en banc). Whether the trial court identified the correct legal rule to apply is reviewed de novo. *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

8.      The district court stated and applied the correct legal standard. *See Jenkins v. Anderson*, 447 U.S. 231, 239 (1980) (noting that a witness's omission is treated as a prior inconsistent statement if the witness fails "to state a fact in circumstances in which that fact naturally would have been asserted"). The district court did not abuse its discretion in concluding that Officer del Rio would not naturally have mentioned the smell of gasoline in response to the questions he was asked during the first trial.

9.      The prosecutor did not commit misconduct in closing argument by expressing personal opinions about Gonzalez's guilt, shifting the burden of proof, or misstating the evidence. "The trial judge has broad discretion in controlling closing argument, and improprieties in counsel's arguments to the jury do not constitute reversible error unless they are so gross as probably to prejudice the defendant, and the prejudice has not been neutralized by the trial judge." *United States v. Tucker*, 641 F.3d 1110, 1121 (9th Cir. 2011) (quoting *United States v.*

5

*Navarro*, 608 F.3d 529, 535–36 (9th Cir. 2010)); *accord. Darden v. Wainwright*, 477 U.S. 168, 181–82 (1986).

10.     While prosecutors may not express their personal opinion of the defendant's guilt or their belief in the credibility of witnesses, *United States v. McKoy*, 771 F.2d 1207, 1210–11 (9th Cir. 1985), they "have considerable leeway to strike 'hard blows' based on the evidence and all reasonable inferences" therefrom, *United States v. Wilkes*, 662 F.3d 524, 538 (9th Cir. 2011) (quoting *United States v. Henderson*, 241 F.3d 638, 652 (9th Cir. 2000)). The prosecutor's statements were permissible attacks on Gonzalez's credibility and theory of the case and did not suggest the jury should place a higher level of trust in the prosecutor based on his experience and authority as a representative of the government. In the context of this case, the prosecutor's use of the word "ridiculous" and phrases "you've got to be kidding" and "it's not based on the truth" were not improper. *See United States v. Wright*, 625 F.3d 583, 611 n.14 (9th Cir. 2010) (noting that it is not misconduct to refer to defense's case, testimony, or argument as "absolutely ridiculous," an "absurd notion," "trash," or a "silly story" (collecting cases)).

11.     Prosecutors may not shift the burden of proof to the defendant but may "challenge the [defense] to explain to the jury uncomfortable facts and inferences." *United States v. Mares*, 940 F.2d 455, 461 (9th Cir. 1991). The

prosecutor did not shift the burden of proof here. His statements "were made in the context of explaining why the jury should reject [Gonzalez]'s version of events." *Tucker*, 641 F.3d at 1122. Additionally, the district court's final jury instructions accurately described the presumption of innocence and the reasonable doubt standard, and instructed the jurors that lawyers' arguments are not evidence, likely curing any prejudice in the alleged instances of burden-shifting. *See Mares*, 940 F.2d at 461; *United States v. Tam*, 240 F.3d 797, 802 (9th Cir. 2001).

12. "A prosecuting attorney may not misstate or manipulate the evidence at trial." *United States v. Preston*, 873 F.3d 829, 844 (9th Cir. 2017). But "prosecutors are free to argue reasonable inferences from the evidence." *United States v. Gray*, 876 F.2d 1411, 1417 (9th Cir. 1989). The prosecutor did not misrepresent the automobile expert's testimony. Although the expert did not testify that the van's modifications could relate to fumes, the expert provided ample evidence from which a juror could reasonably infer that the gasoline fumes were continuously emanating from the gas tank.

**AFFIRMED.**