**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-3825 |
| Plaintiff - Appellee, | D.C. No. 2:21-cr-00452-JFW-1 |
| v. | |
| VLADISLAV KONSTANTIN AKSENOV, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted June 9, 2025**
Pasadena, California

Before: CLIFTON, IKUTA, and FORREST, Circuit Judges.

A jury convicted Defendant-Appellant Vladislav Aksenov of falsely impersonating an FBI agent, and the district court sentenced him to four months of imprisonment followed by two years of supervised release. On appeal, Aksenov

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

challenges his conviction and sentence. We affirm his conviction and custodial sentence but vacate his term of supervised release as unlawful and remand for resentencing on that limited issue.

1. ***Firearm Evidence.*** Aksenov argues the district court improperly admitted evidence that his firearm fit a holster with a law enforcement badge affixed to it that was found in a car parked at the scene of the crime. His arguments address three Federal Rules of Evidence. We generally review evidentiary rulings for abuse of discretion, *United States v. Boulware*, 384 F.3d 794, 800−01 (9th Cir. 2004), but where no objection was made at trial, we review for plain error, *United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990).

a. *Rule 401*. Aksenov contends that the challenged evidence was inadmissible under Rule 401 because: (1) his gun fitting the holster did not tend to show that he owned the holster, (2) even if it did, this evidence did not make it more likely than not that he owned the badge affixed to the holster, and (3) even if the evidence established that he owned both the badge and holster, it was not relevant to determining whether he committed the charged offense of impersonating a federal officer. We conclude that the district court did not abuse its discretion in admitting the challenged evidence under Rule 401 because it does have a tendency to make it more probable that Aksenov committed the charged offense. *See* Fed. R. Evid. 401(b); *Messick v. Novartis Pharms. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014)

2

("The relevancy bar is low, demanding only that the evidence 'logically advances a material aspect of the proposing party's case.'" (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995))). Specifically, the challenged evidence makes it more probable that Aksenov was the person who showed the badge to Nguyen, which made it more probable that Aksenov committed the offense of impersonating an FBI agent.

Aksenov also argues that the relevancy of this evidence hinged on the Government establishing a preliminary fact under Rule 104(b)—that the holster was "unique enough" to make it probable that the owner of the holster necessarily owned the firearm. Because Aksenov failed to raise this objection before the district court, we review the admission of this evidence for plain error and find none. *See Gomez-Norena*, 908 F.2d at 500. The district court did not plainly err in admitting this evidence because a jury could reasonably find Aksenov owned the holster and badge attached to it, regardless of whether the holster was uniquely suited to his firearm. *See Huddleston v. United States*, 485 U.S. 681, 690 (1988).

b. *Rule 404(b)*. Aksenov next argues the firearm evidence is not admissible for proving identity under Rule 404(b)(2) because it does not make it more probable that he committed the charged offense. Under Rule 404(b)(2), "other act" evidence is only admissible if it "tends to prove a material point." *See United States v. Beckermann*, 971 F.3d 999, 1002 (9th Cir. 2020) (citation omitted). Again,

3

the district court did not abuse its discretion in concluding the firearm evidence tended to tie Aksenov to the charged offense of impersonating an FBI agent.

c. *Rule 403*. Finally, Aksenov contends that the firearm evidence was inadmissible under Rule 403 because any probative value was substantially outweighed by its prejudicial effect of informing jurors that he owned a licensed firearm. We disagree and note that Aksenov fails to cite any authority indicating that evidence of lawful possession of a firearm is inherently prejudicial. *Cf. United States v. Dorsey*, 677 F.3d 944, 952 (9th Cir. 2012) (concluding "[t]estimony about mere gun possession was not likely to inflame the jury").

2. ***References to Aksenov's Appearance.*** Aksenov contends the Government violated his right to a fair trial and committed prejudicial misconduct by referring to him as "a big white Russian" and employing "similar terms that reinforced his large size, foreign-ness, and supposedly threatening nature. He asserts that such references were particularly prejudicial given Russia's invasion into Ukraine 15 months before his trial.[1] Because Aksenov did not raise this issue before

---

[1]We grant Aksenov's motion for judicial notice related to the Russia-Ukraine war. Fed. R. Evid. 201(b); *see Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." (citation omitted)).

the district court, we again review for plain error. *See United States v. Yijun Zhou*, 838 F.3d 1007, 1010 (9th Cir. 2016).

"Appeals to racial, ethnic, or religious prejudice during the course of a trial violate a defendant's Fifth Amendment right to a fair trial" as well as his "due process and equal protection rights." *United States v. Cabrera*, 222 F.3d 590, 594 (9th Cir. 2000) (citation omitted); *United States v. Nobari*, 574 F.3d 1065, 1073 (9th Cir. 2009). But here the Government referenced Aksenov's race, ethnicity, nationality, and physical characteristics only to identify him as the individual who committed the crime. *See Cabrera*, 222 F.3d at 597 ("In some instances, such as eyewitness identification, a defendant's race or ethnicity is relevant and not prejudicial."). The record is devoid of evidence that the Government made ethnic generalizations or attempted to connect Aksenov's criminal conduct to his ethnicity or nationality. *Cf. Nobari*, 574 F.3d at 1076 (concluding "[t]he district court abused its discretion by . . . allowing the closing argument concerned with ethnic generalizations").

3. **Cumulative Error.** Because we conclude that the district court did not commit any trial errors, Aksenov's theory of cumulative error necessarily fails. *See United States v. Solorio*, 669 F.3d 943, 956 (9th Cir. 2012).

4. **Supervised Release.** The parties agree that the district court erred by imposing a two-year term of supervised release. Because Aksenov's conviction

5

under 18 U.S.C. § 912 was for a Class E felony, the law allows for a supervised release term of no more than one year. *See* 18 U.S.C. §§ 3559(a)(5), 3583(b)(3). We therefore vacate Aksenov's supervised release term and remand for resentencing on that issue.

**AFFIRMED** in part; **VACATED** and **REMANDED** in part.