**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

JUL 1 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> SETH RANDLES, <br><br> Defendant - Appellant. | Nos. 24-2360 <br> 24-4526 <br><br> D.C. No. <br> 2:17-cr-00222-SAB-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Argued and Submitted May 20, 2025
Seattle, Washington

Before: GOULD, TALLMAN, and CHRISTEN, Circuit Judges.

Seth Randles appeals the district court's order requiring payment of restitution and its denial of Randles' motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c). Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.    Because he did not object to the government's remarks at the sentencing hearing, we review Randles' claim that the government breached the parties' plea agreement for plain error. *United States v. Farias-Contreras*, 104 F.4th 22, 27 (9th Cir. 2024) (en banc). The government did not explicitly breach the plea agreement because it did not "promise[] to recommend a particular disposition of the case," and then "recommend[] a different one." *United States v. Heredia*, 768 F.3d 1220, 1231 (9th Cir. 2014). The government did not at any point explicitly recommend to the court any sentence other than 240 months. Nor did the government implicitly breach the plea agreement in its sentencing brief or in its oral presentation to the court. Unlike the government's sentencing memorandum in *Farias-Contreras*, which contained repeated inflammatory statements that "simply went too far," 104 F.4th at 29, the government's sentencing memorandum here does not rise to the same level when read in context. The sentencing memorandum stated that "[a] *lower* sentence carries a significant risk *of creating* an unwarranted sentencing disparity with similarly-situated Defendants across the country." The sentencing memorandum was consistent with an attempt to persuade the court that a sentence any *less* than 240 months would create such a disparity, not that the 240-month sentence was insufficient.

Similarly, the prosecutor's statement that he would have recommended life in the absence of the plea agreement does not rise to the level of implicit breach.

In *Farias-Contreras*, the en banc court found no plain error even where the prosecutor "invit[ed] the court's skepticism as to the government's bona fide position" by making an unprompted statement as to whether the prosecutor's office agreed with the low-end recommendation. *Id.* at 25, 29–30. Here, the court invited the prosecutor to engage in a hypothetical. The government did not breach its plea agreement obligations by answering the court's question, and in answering the question, the prosecutor was bound by his duty of candor to the court.

2. Although the Abolish Human Trafficking Act (AHTA) would not otherwise be applicable to Randles' conviction, the district court's application of the AHTA was not plain error because Randles agreed to pay restitution pursuant to the AHTA in the plea agreement.[1] Randles did not waive his right to appeal the award of restitution. The appeal waiver only applies if the restitution amount was no greater than $20,000, and the court awarded $304,212 in restitution. Nor does the invited-error doctrine apply, because the record demonstrates that both parties and the court thought that the AHTA applied and required ill-gotten gains restitution. Because Randles did not object to the restitution order other than to challenge the credibility of Victim M, we review for plain error. *United States v. Yijun Zhou*, 838 F.3d 1007, 1010 (9th Cir. 2016).

---

[1] We deny the government's motion to supplement the record. Dkt. No. 40.

Even if the court had applied the AHTA ex post facto without reference to the plea agreement, its error would not have affected Randles' substantial rights or seriously affected the fairness, integrity, or public reputation of the judicial proceedings because Randles agreed to pay restitution pursuant to the AHTA. *United States v. Minasyan*, 4 F.4th 770, 778 (9th Cir. 2021); *In re Doe*, 57 F.4th 667, 673 (9th Cir.), *cert. denied sub nom. Alexander v. Doe*, 144 S. Ct. 279 (2023) ("[R]egardless of the crimes of conviction, and regardless of the defendant's conduct, a defendant may agree in a plea agreement to pay restitution to a victim.").

We reject Randles' argument that the plea agreement is unenforceable because the government failed to "submit restitution information prior to sentencing." The plea agreement does not define "restitution information," nor is it clear from the text of the agreement that the government's obligation to provide restitution information is a condition precedent to Randles' agreement to pay restitution.

We also reject Randles' argument that 18 U.S.C. § 2429, which permits the court to order restitution in "the full amount of the victim's losses," cannot include ill-gotten gains. *See* 18 U.S.C. § 2259(c)(2) (defining "full amount of the victim's losses"). Plea agreements are contracts, and we construe them with an eye toward what the defendant "reasonably understood to be the terms of the agreement when

4                                                                24-2360

he pleaded guilty." *Farias-Contreras*, 104 F.4th at 28 (citation omitted). Randles does not cite a case holding that it is improper for a court to order ill-gotten gains restitution pursuant to § 2429 or § 2259(c)(2). Because the plain text of the plea agreement does not carve out ill-gotten gains from the victim's losses, Randles could not have reasonably understood the plea agreement to exclude ill-gotten gains restitution.

3.      The court did not err in ordering $100,000 in restitution for the "flat fees" clients paid to Randles in exchange for access to Victim M. The government bears the burden of proving the amount of the victim's losses and must provide the court "with enough evidence to allow the court to estimate the [amount] with 'some reasonable certainty.'" *United States v. Kennedy*, 643 F.3d 1251, 1261 (9th Cir. 2011) (quoting *United States v. Doe*, 488 F.3d 1154, 1159–60 (9th Cir. 2007)). The $100,000 figure came from Victim M's sworn affidavit. She stated that the figure was a "conservative" estimate of fees paid to Randles for access to her.

Randles called into question Victim M's credibility based on her mistaken estimate of her student loan balance and statements she made to the dentist when she obtained treatment for a cracked tooth after one of Randles' assaults. These arguments are baseless. The district court found Victim M credible, and Randles presented no evidence to justify doubting that finding. *See United States v. Jordan*, 291 F.3d 1091, 1100 (9th Cir. 2002). The record does not indicate that

Victim M was at any point dishonest or untrustworthy. To the contrary, Victim M provided the court with a conservative estimate based on her first-hand observations. This was more than sufficient to support the restitution order. *United States v. Waknine*, 543 F.3d 546, 557 (9th Cir. 2008) ("[V]ictim affidavits will generally provide sufficient, reliable evidence to support a restitution order.").

4. We review the district court's denial of Randles' 18 U.S.C. § 3582(c)(2) motion for a sentence reduction for an abuse of discretion. *United States v. Lightfoot*, 626 F.3d 1092, 1094 (9th Cir. 2010). The district court correctly concluded at the first step that Randles was eligible for a sentence reduction because the retroactive application of the amended United States Sentencing Guideline §4A1.1 has the effect of lowering Randles' guidelines range.[2] *United States v. Rodriguez*, 921 F.3d 1149, 1153 (9th Cir. 2019). The court did not consider an "impermissible sentencing factor" at the second step when it stated that "240 months may not be enough to adequately punish [Randles]." The unavoidable implication of the court's statement is that, because the original sentence of 240 months "may not be enough to adequately punish" Randles, the court concluded that a reduced sentence was not warranted.

---

[2] Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); Amendment 821, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited June 23, 2025).

Nor did the court abuse its discretion by failing to adequately explain why it rejected Randles' argument that his unblemished disciplinary record while in prison warranted a reduction. We infer from the record that the district court was not convinced by Randles' one-paragraph, conclusory argument that his sentence should be reduced because he "has been a model inmate." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("[A]dequate explanation in some cases may [] be inferred from the PSR or the record as a whole."). The district court's omission of further explanation was not an abuse of discretion.

**AFFIRMED.**