**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEFFREY L. GROSS, AKA Loran Gross,

Defendant - Appellant.

No. 24-3079

D.C. No.
1:21-cr-00107-JAO-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Jill Otake, District Judge, Presiding

Submitted October 8, 2025[**]
Honolulu, Hawaii

Before: McKEOWN, FRIEDLAND, and SUNG, Circuit Judges.

Defendant Jeffrey Loran Gross appeals his convictions for manufacture and

possession with intent to distribute 100 or more marijuana plants, in violation of 21

U.S.C. §§ 841(a)(1) and (b)(1)(B); two counts of felon in possession of a firearm,

in violation of 18 U.S.C. § 922(g)(1); and possession of a firearm in furtherance of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). On appeal, he challenges the constitutionality of 18 U.S.C. § 922(g)(1) as applied to him, the district court's denial of his motions to suppress and for a *Franks* hearing, and the sufficiency of the evidence sustaining his convictions for felon in possession of a firearm and possession of a firearm in furtherance of a drug trafficking crime. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Gross's argument that 18 U.S.C. § 922(g)(1) violates the Second Amendment as applied to him is precluded by *United States v. Duarte*, 137 F.4th 743 (9th Cir. 2025) (en banc), which held that § 922(g)(1) is constitutional as applied to all felons.

2. We review the district court's denial of Gross's motion to suppress de novo and the underlying factual findings for clear error. *United States v. Arreguin*, 735 F.3d 1168, 1174 (9th Cir. 2013). We hold that the search warrant was supported by probable cause. The district court did not clearly err when it found, based on an officer's credible testimony, that a confidential informant conducted a controlled purchase of marijuana from Gross on his property. And, because the controlled purchase occurred on Gross's property within five days of the application for a search warrant, there was a "fair probability" that evidence of a crime would be found there. *United States v. Perkins*, 850 F.3d 1109, 1119 (9th Cir. 2017) (quoting *United States v. Hill*, 459 F.3d 966, 970 (9th Cir. 2006).

Probable cause requires nothing more. Finally, even assuming the informant conducted unauthorized "confirmatory searches" of the property, the district court did not clearly err in finding that nothing the informant saw during these incursions motivated the officer to apply for the search warrant, or in finding that no information gained from the searches was included in the affidavit.

3. We review de novo the district court's denial of Gross's motion for an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). *United States v. Norris*, 942 F.3d 902, 907 (9th Cir. 2019). "To obtain a *Franks* hearing, a defendant must make a substantial preliminary showing that: (1) the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant, and (2) the false or misleading statement or omission was material, *i.e.*, necessary to finding probable cause." *Id.* at 909-10 (internal quotation marks and citation omitted).

Here, the district court determined that Gross made a substantial preliminary showing that the search warrant affidavit contained a reckless or intentional misstatement and three reckless omissions, but it concluded that the misstatement and omissions were not material. We agree. Materiality is lacking if "probable cause remains once any misrepresentations are corrected and any omissions are supplemented." *Id.* at 910. Here, the affidavit established the informant's reliability and the omitted information, if included, would not have extinguished

that reliability. And, even after correcting the misstatement, the affidavit credibly established that the controlled purchase occurred.

4.      The evidence was sufficient to sustain Gross's convictions of two counts of felon in possession of a firearm and one count of possession of a firearm in furtherance of a drug trafficking crime. Because Gross did not raise a sufficiency-of-the-evidence challenge before the district court, we review for plain error. *United States v. Benamor*, 937 F.3d 1182, 1188 (9th Cir. 2019). On appeal, Gross solely attempts to relitigate factual disputes already resolved by the jury at trial. These purported errors cannot warrant reversal because "an error that hinges on a factual dispute is not 'obvious' as required by the 'plain error' standard." *United States v. Yijun Zhou*, 838 F.3d 1007, 1011 (9th Cir. 2016) (citing *United States v. Scrivner*, 114 F.3d 964, 968 (9th Cir. 1997)).

**AFFIRMED.**[1]

---

[1] Gross's request for judicial notice, Dkt. #47, is denied.

24-3079